jiON REHEARING
LEMMON, Justice,
concurring in the denial of the rehearing application.
The majority and the dissenters agree that the automobile defendants’ payment of the judgment was a partial performance of a solidary obligation.[1] The point of disagreement is the method of deduction of the partial performance from the total solidary obligation. See La.Civ.Code art. 1802.
Proof of partial performance by the automobile defendants did not establish the malpractice defendants’ entitlement to a dollar-for-dollar credit, since this is not the proper measure of reduction of a solidary obligation based on tort after partial performance has been rendered. When the solidary obligation arises in tort, entitlement to a reduction has to be established by proof of proportionate fault. La.Civ.Code art. 1804. Since the judgment in the first action was not conclusive of the present action between different parties, the defendants in this action were required to prove the fault of other tortfea-
sors in order for this factfinder to reduce plaintiffs’ recovery of the damages proved in this action.[2] tyThe malpractice defendants failed to provide such proof.
The judicial inefficiency of the two separate actions cannot be attributed solely to the plaintiffs. The automobile defendants could have filed a third party demand against the malpractice defendants in the first action, and the malpractice defendants could have sought a reduction of plaintiffs’ recovery in the second action by pleading and proving that some or all of the causative fault was attributable to the automobile defendants who had already partially performed the obligation owed to plaintiffs. All parties allowed plaintiffs’ cause of action against the two defendants to be tried separately by two different factfinders, and the malpractice defendants can no more complain about “double recovery” than the plaintiffs could complain if the separate factfinders had each denied plaintiffs any recovery against the particular defendant in each separate action.

. The obligation was solidaiy to the extent of the damages incurred by plaintiffs as a result of the tort by the malpractice defendants. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982). While the automobile defendants were solely liable for the damages sustained between the time of the automobile accident and the malpractice, both sets of defendants were solidarity liable for the damages sustained as a result of the malpractice. Weber v. Chanty Hosp. of La. at New Orleans, 475 So.2d 1047 (La.1985).

. When judgment was rendered in the action against the automobile defendants, plaintiffs' cause of action arising out of that occurrence became merged in the judgment and was conclusive as between those parties. However, plaintiffs' cause of action against the malpractice defendants was not affected by that judgment and was eventually decided by a different factfinder in a separate trial at which different evidence was presented. The key to this litigation is that the second factfinder was called upon to adjudicate plaintiffs' cause of action against the malpractice defendants solely on the record of the liability of all parties and the quantum of damages established by the evidence in this case. The evidence here does not establish any liability on the part of the automobile defendants, only that of the malpractice defendants, although the latter defendants were free to plead and prove such liability.