654 So.2d 1345 (1995)
Willard C. GALLOWAY
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al.
No. 94-C-2747.
Supreme Court of Louisiana.
May 22, 1995.
*1346 Richard A. Fraser, III, Cary A. DesRoches, Fraser & Sterbcow, New Orleans, Richard P. Ieyoub, Atty. Gen., for applicant.
Jerry Hermann, Kopfler & Hermann, Houma, William P. Golden, Jr., Eldon R. Harrall, Jr., Accardo, Edrington & Golden, La Place, for respondent.
WATSON, Justice.[1]
A loaded boat trailer came loose from its towing truck, veered into the opposing traffic lane, hit an oncoming vehicle's windshield and caused severe personal injury to the innocent driver, Willard C. Galloway. A writ was granted to consider the trial court's conclusion, affirmed by the court of appeal, that a bump in Louisiana Highway 20 was the sole cause of the accident.
The accident occurred on September 13, 1988. The driver of the towing truck, Avery P. Daigle, Jr., purchased the boat and trailer the preceding day from Ronald M. Harrall, who was a guest passenger at the time of the accident. Defendant Daigle filed a third party demand against Harrall, contending that the trailer hitch and safety chains were defective. The trial court dismissed Harrall from the suit by directed verdict. Daigle did not appeal or apply for a writ from the trial court's determination that Harrall was free from fault.
Plaintiff Galloway suffered a closed head injury and a herniated cervical disc. The trial court awarded $125,000 in general damages, plus medical expenses. Judgment was rendered solely against the State of Louisiana through the Department of Transportation and Development. The court of appeal affirmed. Galloway v. State, DOTD, 93-2116 (La.App. 1 Cir. 10/7/94), 643 So.2d 1336. A writ was granted. 94-2747 (La. 1/13/95), 648 So.2d 1326.
Most of the witnesses agreed that the bump was a cause of the accident. Investigating State Trooper Preston McDonald "assumed that the bump caused the trailer to become disengaged." (Tr. 225.) He described it as "a good hard bump." (Tr. 226.) Expert Dwaine T. Evans said "the cause of the accident was the bump in the road...." (Dep. 9.) Dr. Olin Dart, expert for the State DOTD, admitted that the bump contributed to the accident. (Tr. 337.) Another DOTD *1347 expert, Dr. Courtney Charles Busch, testified that there was no causal connection between the bump and the accident. (Tr. 401-402.)
The trial court accepted the testimony of Daigle and Harrall that their speed had slowed to 30 miles per hour when they hit the bump. Both Ronald Harrall and his brother, Eldon R. Harrall, Jr., described the trailer hitch mechanism and said it had never malfunctioned. The trial judge examined the trailer hitch, engaged in dialogues about its operation and concluded that it was not defective.
The State DOTD was aware of the defect in Louisiana Highway 20. There had been various complaints, including one from a state representative. In August of 1988, posted signs warned of a "bump" and recommended a speed limit of 30 miles per hour. The bump was not repaired until October 25, 1988. The hot mix asphalt patch applied was 35 feet long and approximately 1-¼ inches deep at its thickest point. After the asphalt patch was laid, the four percent slope was reduced to two percent. The repair took one day and required 18 tons of hot mix at a cost of $600 to $700.
LSA-R.S. 9:2800 limits the state's strict liability for vices and defects. To be liable, the state must have notice of the defect and must have failed to remedy the defect despite a reasonable repair opportunity.
The DOTD was on notice of the roadway defect and posted warning signs. The trial court apparently concluded that the warning was inadequate and the delay in repair was excessive. Those conclusions are not clearly wrong.
The trial court decided that the bump was the cause of the accident. Great deference is accorded the trier of fact on the question of factual causation. Theriot v. Lasseigne, 93-2661 (La. 7/5/94), 640 So.2d 1305; Rick v. State, DOTD, 93-1776, 93-1784 (La. 1/14/94), 630 So.2d 1271; Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990); Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990); Rosell v. ESCO, 549 So.2d 840 (La.1989); Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). There is no manifest error in the trial court's finding that the bump was a cause of the accident. The question is whether the trial court erred in finding the bump to be the sole cause of the accident.
Daigle was cited by the investigating officer with a violation of LSA-R.S. 32:384(D) which states:
D. Every trailer and semi-trailer with a loaded gross weight capacity of up to six thousand pounds shall be equipped with safety chains. The safety chains shall be securely attached to the towing vehicle when the trailer or semi-trailer is in motion and shall be of sufficient strength to hold the trailer behind the towing vehicle in case the connection between the two vehicles detaches.
The total weight of the boat and trailer rig was estimated at 1700 pounds. Geisler v. Allstate Ins. Co., 489 So.2d 429 (La.App. 3d Cir.1986), indicated in dicta that the statute does not apply to vehicles with a weight capacity less than 6000 pounds. Geisler was wrong under the clear wording of the statute, and it is disapproved. This trailer was within the scope of the law. The phrase "up to" does not exclude trailers with a weight capacity of less than 6000 pounds.
Daigle had the ownership and garde of the boat trailer rig. LSA-C.C. art. 2317. The hitch, which came loose from the ball, must have been defective and the safety chains broke because they were inadequate. Daigle's safety chains were not sufficiently strong to hold the trailer behind the towing vehicle as mandated by LSA-R.S. 32:384(D). The statute was intended to avoid what occurred here: the hazard of an unattached trailer on the highway. The doctrine of negligence per se has been rejected in Louisiana. Boyer v. Johnson, 360 So.2d 1164 (La.1978); Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289 (La.1993). However, statutory violations provide guidelines for civil liability. Meany v. Meany, 94-0251 (La. 7/5/94), 639 So.2d 229; Black v. First City Bank, 94-0423 (La. 9/6/94), 642 So.2d 151. Here, the failure to have adequate chains was a legal cause of the damage. The trial court's decision that the inadequate safety chains and defective hitch were not factual causes of the damage is clearly wrong.
*1348 Daigle's responsibility for his defective hitch and inadequate safety chains does not relieve the DOTD of its duty to keep the highways safe. Campbell v. Department of Transp. & Dev., 94-1052 (La. 1/17/95), 648 So.2d 898.
There is a reasonable evidentiary basis for the trial court's conclusion that the trailer would not have disengaged but for the bump. However, the injury could have been avoided if the hitch had held or adequate safety chains had kept the trailer in place. Since there is no evidentiary basis for allocating fault to Ronald Harrall, fault must be apportioned between the State DOTD and Daigle.
The State DOTD knew of the defect and was in a superior position to remedy the bump. Daigle purchased the boat trailer rig the day before the accident. The hitch and chains were included in the purchase, and he was unaware that they were defective and/or inadequate. Daigle's faulty knowledge was not proven, but he is strictly liable for the defective hitch and inadequate chains.
Considering all of the circumstances, fault is apportioned fifty percent to the State Department of Transportation and Development and fifty percent to Avery P. Daigle, Jr. Both Daigle and the State Department of Transportation and Development are liable for legal interest on their respective portions of the judgment from the date of judicial demand. Rick v. State, DOTD, 93-1776, 93-1784 (La. 1/19/94), 630 So.2d 1271; Goings v. State Dep't Public Safety, 94-1386 (La. 1/17/95), 648 So.2d 884.
For the foregoing reasons, the judgment is amended to cast the State Department of Transportation and Development for fifty percent of plaintiff's damages and Avery P. Daigle, Jr. for the other fifty percent of the damages. The liability is joint and divisible under LSA-C.C. art. 2324(B).
For the foregoing reasons, the judgment of the court of appeal is amended and, as amended, is affirmed.
AMENDED AND AFFIRMED.
LEMMON, J., concurs.
CALOGERO, C.J., concurs and assigns reasons.
KIMBALL, J., dissents and assigns reasons.
CALOGERO, Chief Justice, concurring.
I concur with the majority because I feel that their ultimate conclusion, 50% fault apportioned to the State of Louisiana, Through DOTD and 50% fault apportioned to Daigle, is the correct one. However, I disagree with the majority's finding that Daigle was strictly liable because he had garde over the trailer rig. Instead, I believe that Daigle's negligence was the legal cause of the plaintiff's injuries.
The majority rests its view that Daigle was strictly liable upon the purported existence of some "defect" in the trailer hitch and the "inadequacy" of the safety chains used by Daigle to secure the trailer rig. The trial court, however, as the majority opinion recounts, specifically found that the trailer hitch was not defective. The majority opinion nonetheless reverses this factual finding by the trial court, stating that "[t]he hitch, which came loose from the ball, must have been defective." The majority posits no evidentiary basis for its reversal of the trial court's finding other than noting that the trailer hitch did in fact come loose.
I disagree with the majority, finding no manifest error in the factual finding of the trial court. See Ambrose v. New Orleans Police Dept. Amb. Serv., 93-3099 (La. 7/5/94); 639 So.2d 216. In this case reasonable inferences drawn from the facts in the record support the trial judge's conclusion that the trailer hitch was not defective. Rosell v. ESCO, 549 So.2d 840 (La.1989). In my view, therefore, it is improper for this Court to substitute its factual finding that the trailer hitch was defective for that of the trial court based solely upon the fact that the hitch came loose. Compare Stobart v. State of Louisiana, Through DOTD, 617 So.2d 880 (La.1993). Such a conclusory dismissal of the trial court's factual findings is simply insupportable in light of this Court's jurisprudence counseling deference to a trial court's factual findings. See Welch v. Winn-Dixie Louisiana, 94-2331 (La. 5/22/95), ___ *1349 So.2d ___; Ambrose, supra; Stobart, supra; Rosell, supra.
In regards to the safety chains used by Daigle, I agree with the majority that they were not adequate for their assigned task; this does not necessarily mean, however, that the chains were defective, i.e. that they presented an unreasonable risk of harm. We have always held that some defect or vice in the thing which causes damage is an essential predicate for liability under LSA-C.C. Art. 2317. As we stated the rule in Jones v. City of Baton Rouge, etc., 388 So.2d 737, 739 (La.1980) (citations omitted),
the injured party seeking damages under article 2317 ... must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that this injury was caused by the defect.
In this case, I believe the safety chains, in and of themselves, did not "occasion an unreasonable risk of injury to another." Rather, it was the negligent use of these chains by Daigle, a use which the majority opinion observes was in violation of LSA-R.S. 32:384(D), which caused Galloway's injury. See Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289, 292-293 (La.1993) ("[c]ivil responsibility is imposed ... if the act in violation of the statute is the legal cause of damage to another").
I disagree with the majority opinion's apparent view that Daigle was not negligent because his "faulty knowledge was not proven." Daigle's duty, a duty spelled out by the Legislature under LSA-R.S. 32:384(D), was to use safety chains which were strong enough to secure his trailer rig. The risk that insufficiently strong chains could not hold the trailer rig in place and that the trailer rig, once detached due to the failure of such chains, could careen into oncoming traffic and endanger other motorists was a risk falling within the scope of Daigle's duty. The fact that Daigle did not know that the chains were inadequate does not excuse his negligence in this case; rather, I find Daigle to be negligent because he should have known, i.e. had a duty to determine, whether the safety chains he employed were of sufficient strength to adequately secure his trailer rig.
Despite this difference of opinion, because I agree with the majority's apportionment of fault between the two tortfeasors I concur in the opinion. I note in closing my disagreement with the majority's view that the tortfeasors' liability is "joint and divisible under LSA-C.C. Art. 2324(B)," being of the opinion that the liability in this case is solidary. See Steptoe v. Lallie Kemp Hosp., 93-C-1359 (La. 3/21/94), 634 So.2d 331, re'hg denied, 638 So.2d 643; Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983). Since, however, the apportionment of fault in this case, i.e. 50% for each tortfeasor, is coterminous with the statutory cap on solidary tort liability provided by LSA-C.C. Art. 2324(B), this difference of opinion gives me no additional cause to quarrel with the result of the majority's opinion.
For these reasons, I respectfully concur.
KIMBALL, Justice, dissenting.
We granted certiorari in this case to determine the liability, if any, on the part of the DOTD for plaintiff's damages. Based on the following analysis of the issues presented in this case, I respectfully dissent.
Louisiana R.S. 9:2800(B), which limits the state's strict liability for vices and defects, provides in pertinent part:
[N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
A central issue in this case, then, is whether the DOTD acted reasonably to repair the defect once notified of its existence.
The record indicates that the DOTD was notified in August of 1988, by a state representative, that a "dip" in the roadway on La. Highway 20 near a bridge between Morgan *1350 City and Thibodaux had caused a "bump."[1] Mr. Francis Wyble, a civil engineer employed by the DOTD as the district operation engineer, testified that, as soon as DOTD was notified of the problem, he did an engineering analysis of the roadway and prepared a work order so that "bump" signs would be placed in the vicinity of the dip. On August 18, 1988, DOTD employees from Gang 750, District 2 placed two "bump" signs and two "30 mile per hour" speed advisory plates on La. Highway 20.
As the majority opinion recognizes, the DOTD did not repair the bump until October 25, 1988, roughly six weeks after the accident. The reason for this delay, however, was because the DOTD's supplier of "hot mix," the material needed to repair the road, did not have an adequate supply of the material on hand for the road's immediate repair. Mr. Wyble testified that hot mix was not available in the area where this accident occurred until roughly six weeks after the signs had been put up because T.L. James Co., the supplier, only produced hot mix at its nearby plant when it needed large amounts of the mix for road projects. As such, it was not possible to secure the relatively small amount of hot mix, eighteen tons, needed repair La. 20 where this accident occurred. Furthermore, while the DOTD may have been able to secure hot mix from another part of the state to be transported to the dip on La. 20, Wyble testified the mix would have not have been hot enough by the time it reached the scene to adequately repair the road.
In my view, the DOTD did not act unreasonably under the circumstances in this case. As soon as the DOTD was notified of the existence of the bump, it performed an engineering analysis and sent out a work crew to put up signs warning motorists of the bump and advising them to slow down to thirty miles per hour. Hot mix was not available at the time the DOTD received notice of the defect, but the DOTD repaired the road as soon as the mix became available. As such, I would not attribute any fault to the DOTD.
Turning now to Mr. Daigle's fault, the majority correctly recognizes that this accident would not have occurred but for Daigle's inadequate safety chains. Because I believe the DOTD acted reasonably upon receiving notice of the defect, I would assess Mr. Daigle, who was clearly at fault, with 100% of the fault.
Accordingly, I respectfully dissent.
NOTES
[1] Judge Henry L. Yelverton, Court of Appeal, Third Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis.

Victory, J., not on panel. Rule IV, § 3.
[1] This "bump" was caused by the phenomenon of "differential consolidation," meaning the roadway surface was sinking or consolidating at the point where it met the bridge surface which was supported by pilings at that particular location.