PAUL A. BONIN, Judge.
hThe trial court’s judgment, rendered in conformity with the jury’s verdict, apportioned fault in this motor vehicle accident 20% to Tracy Elfers, the plaintiff, and 80% to Oscar Ferguson, a defendant.[1] Ms. El-fers timely filed a motion for judgment notwithstanding the verdict, or JNOV, in which she sought a modification of the judgment allocating no comparative fault to her and all fault to Mr. Ferguson. Following the trial court’s denial of her motion, she timely filed this devolutive appeal.[2]
Because we find after a de novo review of the entire trial record that the facts and inferences do not point so strongly and overwhelmingly in Ms. Elfers’ favor on this point that reasonable persons could not reach a different conclusion, we conclude that the judgment denying her motion for JNOV is correct and we affirm.
Our analysis follows.
I.
Mr. Ferguson was operating an eighteen-wheel tractor and flat-bed trailer rig *587 on an elevated portion of Interstate 55 near Manchac, Louisiana. He was traveling in the right lane of the two-lane highway. Ms. Elfers was driving her automobile in the left lane at a distance behind Mr. Ferguson’s tractor-trailer. It was daylight on a clear day.
Mr. Ferguson explained that he was travelling about 57 mph and was approaching a vehicle ahead of him that was travel-ling at a slower rate of speed. According to his testimony, he looked in his rearview mirror, observed Ms. Elfers’ vehicle trav-elling at a speed which he estimated to be 55 mph, activated his left turn signal, and began changing from the right lane to the left lane. Before the maneuver was completed or, as he testified, as he was getting “straightened” in the left lane, his rig and Ms. Elfers’ vehicle collided, forcing her vehicle to also collide with a concrete highway barrier or wall. Photographs of Ms. Elfers’ vehicle at the scene and shortly afterward show damage on the right side, or passenger side, of her car as a result of the directly colliding with the tractor-trailer. Mr. Ferguson admitted to receiving a citation for a traffic violation and of paying the fine.
Ms. Elfers, who did not seek medical treatment that day, explained that she had become unconscious as a result of the collision and many details of the accident are lost to her memory. She did, however, specifically recall as she was passing the tractor-trailer that she had looked at the tractor’s rearview mirror and observed that Mr. Ferguson was not looking in his mirror, that the tractor-trailer’s | ¡¡turning signal was not activated, and that she was about half-way past the back of the tractor-trailer when it collided with her.
Ms. Elfers did not provide the jury with an estimate of her speed at the time of the collision. Mr. Ferguson’s counsel questioned her whether she told the investigating trooper that she had been travelling at 80 mph. She first testified that she may have told that to the trooper, but she was so hysterical following the accident that she does not know what she may have said. When pressed whether she denied making the statement, she reiterated that she did not recall.
The trooper did not testify. There were no other witnesses on the issue of causation or fault.
II
In this Part we address the various legal standards which control our decision.
In order to grant a JNOV motion under La. C.C.P. art. 1811, a trial court applies a rigorous standard based upon the principle that when there is a jury, the jury is the trier of fact. See Scott v. Hospital Serv. Dist. No. 1, 496 So.2d 270, 273 (La.1986). From this principle it follows that only “when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable persons could not arrive at a contrary verdict” is a JNOV warranted. Joseph v. Broussard Rice Mill, Inc., 02-0628, p. 4 (La.10/30/00), 772 So.2d 94, 99. It is not sufficient that there be a preponderance of evidence in favor of the mover. Id. The more rigorous standard is that “reasonable persons |4could not reach different conclusions ...” Id. In ruling on the JNOV motion, a trial court may not weigh or evaluate the credibility of witnesses. See Anderson v. New Orleans Pub. Serv., Inc., 583 So.2d 829, 832 (La.1991). And a trial court must resolve all reasonable inferences or factual questions in favor of the non-moving party. Id.
We, as an appellate court, review the granting or denying of a JNOV de novo. We use the same criteria, without *588 any deference to the trial court’s decision, to ask ourselves the question, “do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict?” Joseph, 02-0628, p. 5, 772 So.2d at 99. If our answer is in the affirmative, then we will conclude that a JNOV should have been rendered; if negative, then the motion should have been denied. Id.
The verdict at issue is the jury’s finding that Ms. Elfers’ damages should be proportionately reduced by 20% on account of her own partial fault. See La. Civil Code Art. 2328 A, and La. C.C.P. Art. 1812 C(3). Ordinarily, we would review a fact-finder’s apportionment of fault under the manifest error-clearly wrong standard. See Clement v. Frey, 95-1119, p. 7 (La.1/16/96), 666 So.2d 607, 610 (holding that the finding of percentages of fault pursuant to the comparative fault article is a factual determination).[3] But Ms. Elfers seeks only our de novo review under the more rigorous standard of decision for denial of a JNOV. Cf., e.g. Burns v. CLK Investments V, L.L.C., 10-0277, p. 21 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1165 (a case in which we wrote, “Because we have already concluded that the jury’s findings of fact were not clearly wrong and were reasonable, we disagree with the Burnses that the trial court should have rendered a judgment notwithstanding the verdict.”). Consequently, because we limit granting a JNOV “to cases where the jury’s verdict is absolutely unsupported by any competent evidence,” we turn next to consider whether any competent evidence supports the jury’s verdict. Cattles v. Allstate Inc. Co., 09-1576, pp. 6-7 (La.App. 4 Cir. 8/4/10), 45 So.3d 627, 631.
III
Before determining what evidence the jury had before it in apportioning any fault to Ms. Elfers, we explain in this Part why wé find that there was no evidence before the jury that Ms. Elfers was traveling at an excessive rate of speed. There is no evidence that Ms. Elfers made any such statement about which she was questioned regarding speeding on the interstate at 80 mph.
If Ms. Elfers made such a statement, it would not be inadmissible hearsay because it would be a “statement offered against a party and is ... [her] own statement ...” La. C.Evid. Art. 801(2)(a). But Ms. Elfers did not unqualifiedly admit to making the statement. Rather, Ms. Elfers testified to a lack of memory of the subject matter of her statement. See, e.g., La. C.Evid. Art. 804 A(3).
Because Ms. Elfers did not admit to making the statement and Mr. Ferguson produced no witness or other evidence that such a statement had been made by her, IfiWe disregard any implication or inference that she had made the statement or had been traveling at an excessive rate of speed at the time of the collision.
We turn now to the evidence which the jury had before it on the issue of fault.
IV
There is, of course, no dispute that Mr. Ferguson was at fault in causing Ms. Elfers’ damages. Violations of statutes *589 provide guidelines for civil liability. See Galloway v. State, Dept. of Transp. and Development, 94-2747, p. 5 (La.5/22/95), 654 So.2d 1345, 1347.
One rule of the road, applicable on highways divided into two or more clearly marked lanes for traffic, is that “[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.” LA. R.S. 32:79(1) (emphasis added); see also La. R.S. 32:104 A. Moreover, a person shall use his vehicle’s lamp signals to indicate his intention to change lanes. See La. R.S. 32:104 D and 105 B. The greater burden is on the motorist changing lanes that it can be accomplished safely. Averna v. Industrial Fabrication and Marine Service, Inc., 562 So.2d 1157, 1161 (La.App. 4 Cir.1990). This heightened duty of the motorist changing lanes encompasses the risk that a premature maneuver will result in a collision with an oncoming vehicle before the completion of the lane change. See Brewer v. J.B. Hunt Transport, Inc., 09-1408, pp. 20-21 (La.3/16/10), 35 So.3d 230, 244.
|7But activation of the lamp signal prior to and during a change of lanes serves also as a warning to following or oncoming motorists of the forward driver’s intention. The oncoming motorist may not fail to keep a proper lookout or react timely. Id. p. 21, at 244. For an oncoming motorist who is travelling within the speed limit in the left lane, a reasonable reaction upon noticing the activated left turn signal would be to slow down slightly and move leftward in anticipation of the forward vehicle changing lanes. See Picou v. Ferrara, 483 So.2d 915, 919-920 (La.1986). If the oncoming motorist then observed that the forward vehicle was delaying changing lanes and made eye-contact with the forward motorist, it would not be unreasonable for the oncoming motorist to attempt to pass the vehicle in the right hand lane. Id.
Here, Mr. Ferguson testified that he activated his turn signals. Ms. Elfers testified that he did not. But neither the trial court nor an appellate court can weigh the strength of either’s claim on a JNOV. In deciding the JNOV motion, we accept the evidence of Mr. Ferguson as the prevailing party before the jury. We also accept that from that evidence a reasonable inference by the fact-finding jury would be that, because she failed to keep a proper look out, Ms. Elfers did not see the turn signal and did not react timely to the warning of Mr. Ferguson’s intention to change into her lane of travel. Here also, Ms. Elfers testified that there was no eye-contact between her and Mr. Ferguson. Thus, her proceeding forward in her travel lane despite Mr. Ferguson’s signaling his intention could under the circumstances be unreasonable.
|¡jWe, therefore, disagree with Ms. El-fers’ contention that reasonable persons could not arrive at a finding that she was at some fault in causing her own damages. Because reasonable persons could arrive at the verdict returned by the jury in this case, the trial court correctly denied Ms. Elfers’ JNOV motion.
DECREE
The judgment appealed from is affirmed.
AFFIRMED

. The other defendants are Mr. Ferguson's employer, Cobra Trucking, Incorporated, and their insurer, Insurance Company of the State of Pennsylvania.

. The order denying the motion for JNOV is interlocutory and not an appealable judgment. See La. C.C.P. Art. 1914 C; VaSalle v. Wal-Mart Stores, Inc., 01-0462, pp. 8-9 (La.11/28/01), 801 So.2d 331, 337. Ms. El-fers, however, urges as error only the trial court’s denial of her JNOV motion and does not seek a modification of the judgment based upon the jury's verdict on any other basis. See La. C.C.P. Art. 2129; Rule 2-12.4, Uniform Rules—Courts of Appeal; Burns v. CLK Investments V, L.L.C., 10-0277, p. 21 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1165. But also see Merrill v. Greyhound, 10-2827 (La.4/29/11), 60 So.3d 600.

. If an appellate court concludes that a fact-finder’s apportionment is clearly wrong, “it should adjust the award, but only to the extent of lowering or raising it to the highest or lowest point respectively which is reasonably within the trial court's discretion.” Clement, 95-1119, pp. 7-8, 666 So.2d at 611. Here, in effect, Ms. Elfers seeks only an “all or nothing” adjustment. Thus, we are not required to evaluate the apportionment under the Watson factors. See Watson v. State Farm Fire & Cos. Ins. Co., 469 So.2d 967 (La.1985).