786 So.2d 348 (2001)
Vicki M. GORHAM, et al, Plaintiffs-Appellants,
v.
HCA HEALTH SERVICES OF LOUISIANA, et al, Defendants-Appellees.
No. 34,721-CA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2001.
*349 Nelson, Hammons & Self by John L. Hammons, Shreveport, Counsel for Appellant.
McLeod Verlander by David E. Verlander, III, Shreveport, Counsel for Appellee.
Before WILLIAMS, KOSTELKA & DREW, JJ.
DREW, J.
At issue is whether this medical malpractice action is barred by the passage of time. The decedent's grandchildren initially filed the request for a medical review panel and later amended their request to name the decedent's surviving sister as claimant. After sustaining the defendants' exceptions of no right of action, peremption and prescription, the trial court dismissed the action. For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

*350 FACTUAL AND PROCEDURAL BACKGROUND
Louise Waddell Morrow died September 17, 1996. The decedent was hospitalized at North Monroe Hospital from July 7 through July 29, 1996, during which time she was allegedly the victim of malpractice. Asserting that her treatment or lack of treatment was negligent, Morrow's grandchildren, Vicki Morrow Gorham, Kenneth Lee Morrow, and Frederick Lynn Morrow, filed a complaint on July 3, 1997, and requested a medical review panel. On March 9, 1999, the plaintiffs' petition was amended to add several nurses from North Monroe Hospital as defendants.
On March 9, 2000, the defendants filed an exception of no right of action and urged that the decedent's grandchildren were not designated beneficiaries under La. C.C. arts. 2315.1 and 2315.2. On March 16, 2000, the original medical review panel complaint was amended to substitute the decedent's surviving sister, Tarver Ladd, as amended claimant. On July 20, 2000, the defendants filed peremptory exceptions of peremption and prescription. In these exceptions defendants stated that the grandchildren of the decedent originally filed the claim in July 1997. Further, decedent's only child had predeceased her. On March 15, 2000, the claimants substituted decedent's surviving sister as the only claimant. In defendants' view, the sister's claims were barred by peremption and prescription. The trial court sustained the exceptions of no right of action, peremption and prescription. In a September 14, 2000 judgment, the trial court ordered plaintiffs' medical review panel complaint dismissed.

DISCUSSION
On appeal, the grandchildren and sister first assert that the heirs of the decedent have a right to proceed, albeit under contract, pursuant to the provisions of La. R.S. 40:2010.6, et seq., that create a "Nursing Home Bill of Rights" and provide for civil enforcement. They further assert that under the provisions of the Louisiana Medical Malpractice Act, the malpractice claim being timely raised by the grandchildren prevented the claim from prescribing or perempting. Furthermore, because the Medical Malpractice Act uses the term "claimant" instead of "plaintiff" during the pendency of review panel proceedings, and because a party cannot proceed to court until after the medical review panel proceedings have been completed, the grandchildren and the sister argue that the grandchildren are proper claimants whose claim remains viable. Finally, the decedent's grandchildren and sister urge that under a line of cases beginning with Allstate Insurance Company v. Theriot, 376 So.2d 950 (La.1979), if a subsequent claimant is a different person from the original plaintiff, prescription is interrupted by the original plaintiff's action if the first suit is based on the same factual occurrence as the subsequent claim, and the subsequent claimant is closely connected in relationship and identity of interest to the original plaintiff. Thus, because the sister's claim is based on the same factual occurrences as the claim by the grandchildren, and because the grandchildren and sister are closely connected in relationship and interest, there has been no prejudice by the "addition" of the sister as a claimant.
On the other hand, defendants argue that the claim filed by the grandchildren is clearly a medical malpractice claim. In any event, an action arising under the Nursing Home Bill of Rights may be brought in a district court without a requirement of submission to a medical review panel. Defendants also argue that the grandchildren were removed as claimants by the supplemental and amended *351 complaint and have no right to bring either a wrongful death or survival action now that the sister has been substituted as claimant. Additionally, defendants assert that under Louisiana jurisprudence, there is a one-year period for bringing a survival action that is peremptive in nature and, as such, is not susceptible of interruption or suspension. Accordingly, defendants assert that the claim of the grandchildren could not possibly have interrupted the running of this period, and that an amendment to substitute a new claimant for one who does not have a right of action, filed more than one year after the death of the deceased, is not timely.
As to the wrongful death action, defendants argue that the right of action belongs to the decedent's sister, rather than the grandchildren, and that the failure of the sister to come forward within a year resulted in her claim prescribing. Finally, defendants argue that the Theriot line of cases does not assist decedent's grandchildren and sister because the late-filing sister was not one who was actually known or who should have been known by the defendants to exist and to have a potential claim. In this case, defendants assert that the wrongful death claim was brought by grandchildren who had no right of action, and the existence of the sister was entirely unknown to the defendants until more than three years after the decedent's death.
The resolution of this case is limited to the question of whether the amendment to the medical malpractice claim substituting the sister of the decedent for the grandchildren of the decedent related back to the date of the grandchildren's filing of the original claim.
First, we observe the claims asserted against defendants herein, regardless of how they may otherwise be characterized, are all malpractice claims[1] against healthcare providers. Accordingly, under the provisions of La. R.S. 40:1299.47, these claims must be reviewed by a medical review panel. Furthermore, the same statute requiring review by a medical review panel also establishes that the filing of the request for a review of a claim shall suspend the time within which suit must be instituted. Next, we observe that it would be illogical to allow this suspension of time when a claim is asserted by one having neither a right to eventually bring a malpractice action in a court of law, nor a relationship with one having such a right. Accordingly, we conclude that in order for suspension of the time for filing suit to result from the filing of a request for a medical review panel, the person requesting the medical review panel must, at the very least, be one for whom a proper party plaintiff could be substituted in a malpractice action, such that the amended petition bringing about the substitution would "relate back" to the date of the filing of the original pleading as allowed under the provisions of La. C.C.P. art. 1153. Finally, we observe that the sister of the decedent was substituted for the grandchildren, and not merely made an additional claimant with the grandchildren in this case.
The same jurisprudential test governing "relating back" for purposes of adding or substituting parties to a lawsuit also applies in the instant case to the amended complaint substituting the sister of the decedent for the decedent's grandchildren. The leading case governing this question is Giroir v. South Louisiana Medical Center, *352 Division of Hospitals, 475 So.2d 1040 (La. 1985). In Giroir, the husband of a patient brought survival and wrongful death actions against doctors and a hospital after his wife's death. He brought the survival action claim as administrator of his wife's estate. One year and three days after his wife's death, an amending petition was filed, adding the wife's two major children as plaintiffs in both the survival and the wrongful death action, and changing the husband's capacity with respect to the survival action so that he appeared in his individual capacity rather than as administrator of his wife's estate. The defendants filed a peremptory exception of prescription, alleging that the claims of the children had prescribed because the amendment adding them as plaintiffs was not filed within one year of their mother's death. The court of appeal reversed wrongful death awards in favor of the children, finding that the amendment did not relate back to the date of the original filing. The appellate court also amended the judgment in the survival action to award damages to the husband individually, and held that the children's claims were untimely. The supreme court reversed.
Rather than discussing issues in Giroir in terms of suspension or interruption of prescription, the supreme court stated that the main question was whether an amended petition, adding children as new plaintiffs in wrongful death and survival actions based on the death of their mother after prescription had run, related back to the date of the filing of their father's timely original petition. The court noted that under the provisions of La. C.C.P. art. 1153, when the action or defense asserted in an amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original petition. The supreme court further noted that because article 1153 is based on Federal Rule of Civil Procedure 15(c), its doctrinal commentaries and judicial interpretations are strongly persuasive as to the meaning and application of article 1153. The court observed that under Rule 15(c), an amendment changing the party against whom a claim is asserted relates back if, in addition to satisfying the requirements for relation back of the claim or defense, the party to be brought in by amendment has received such notice of the institution of the action that he will not be prejudiced in maintaining its defense on the merits, and the party either knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Of course, parties were added in Giroir, and the supreme court went on to note that although Rule 15(c) referred to an amendment changing a party, it had been properly held to allow relation back of amendments that added or dropped parties, as well as those that substituted new parties for those earlier joined.
The court in Giroir next reviewed the case of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), in which the court had discussed the circumstances in which a plaintiff's amended petition adding a defendant related back to the original petition. The supreme court then concluded that essentially the same criteria established in Ray should be applied to determine whether an amending petition adding or substituting a plaintiff should be allowed to relate back. The court set forth a four-part test for making this determination. According to Giroir, an amendment adding or substituting a plaintiff should be allowed to relate back if: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleadings; (2) the defendant either knew or should have known of the existence and involvement of the new *353 plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense.
The court found all four parts of the test satisfied in Giroir. First, the children's wrongful death and survival actions clearly stemmed from the same conduct, transaction, or occurrence set forth in the original pleading asserting medical malpractice and the resulting death of their mother. Second, the defendants knew or should have known of the existence and involvement of the children for two reasons: (A) the facts in the original petition gave the defendants notice of, and did not negate the reasonable possibility that a surviving child of the 55 year old married woman would be entitled to recover as a survivor or wrongful death beneficiary and might later assert a claim; and (B) one of the defendants (the medical center) had received actual notice that Mrs. Giroir had children and grandchildren from the recorded visits of her "family" and "family members," the recorded assistance of her daughter in transporting her to the hospital for a CAT scan, and the recorded psychiatric report that her concerns for her grandchildren were similar to those she had for her son in Viet Nam. Third, the original plaintiff and the new plaintiffs had close, familial and legal relationships; the children plainly were not wholly new or unrelated to their father with respect to actions based on the death of their mother. Fourth and finally, the defendants were not prejudiced by the amendment in preparing and conducting their defense.
Under the circumstances of Giroir, the court found no essential protective purpose of the prescriptive statute to be violated by permitting relation back. The original pleading informed the defendants that judicial relief was being sought from the general factual situation alleged, and the defendants thus were put on notice that their evidence should be collected and preserved. The court stated that the fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is timely made, and to protect a defendant from stale claims and from loss from the nonpreservation of relevant proof. Such statutes are designed to protect defendants against lack of notification of a formal claim within the prescriptive period, not to protect against pleading mistakes that an opponent makes in filing the formal claim within the period. Giroir, supra.
Before applying the Giroir test to the facts of the instant case, we note that in Taylor v. Giddens, 618 So.2d 834 (La. 1993), a case that did not involve "relation back," the supreme court concluded that the provisions of La. R.S. 9:5628 addressing actions for medical malpractice provide "the prescriptive period for survival actions," but not "the prescriptive period for wrongful death actions." The commencement and running of the prescriptive period for wrongful death actions was held to be controlled by the one year liberative period available to the certain beneficiaries named in La. C.C. art. 2315.2. The grandchildren's claims herein were filed both within one year of the alleged malpractice and within one year of the death.
Applying the Giroir test to the facts of the instant case, we first conclude that the amended claim substituting the decedent's sister for the grandchildren plainly arises out of the same conduct, transaction, or occurrence set forth in the original complaint. Skipping the second prong of the test for more extended discussion later, we next observe that the new and old plaintiffs are sufficiently related so that the substituted party is not wholly new or unrelated. Plainly, the sister is not wholly new or unrelated to the *354 grandchildren with respect to the claim based on the death of their relative, and her substitution does not change the basic underlying claim. We also find the fourth prong of the Giroir test satisfied in this case because the defendants will not be prejudiced in preparing and conducting a defense. The claim asserted by the substituted claimant arose from the same conduct alleged in the original claim, thus putting defendants on notice of the need to preserve evidence in that regard. Furthermore, because we are still at the medical review panel stage of the proceedings, the defendants have ample time to prepare for a trial, and there is no indication that they will be unable to fully investigate, preserve evidence, and prepare defenses, in the event that an action is filed against them at the conclusion of review panel proceedings.
Unlike Giroir, where one of the defendants had actual notice that the decedent had children and grandchildren, there is nothing in the record before us to indicate actual knowledge of the sister on the part of any defendant. On the other hand, the original claimants herein were the grandchildren of the decedent, and the defendants therefore had notice that the decedent had family. Thus, as in Giroir, the facts gave the defendants notice of, and did not negative, the reasonable possibility of a proper claimant. If the decedent had grandchildren, she certainly also might have a surviving child or other close relative who would be entitled to recover as a survivor or wrongful death beneficiary, and might later assert claims. Furthermore, a family member might bring a survival action as the deceased's succession representative under the provisions of La. C.C. art. 2315.1(B).
Under these circumstances, we conclude that the second prong of the Giroir test is satisfied, particularly when we consider that the doctrine of "relation back" under Federal Rule of Civil Procedure 15(c), upon which La. C.C.P. art. 1153 is based, is liberally applied today in federal courts, especially if no disadvantage accrues to the opposing party. Giroir, supra. Ultimately, all four prongs of the Giroir test are designed to help a court determine whether a defendant will be unfairly disadvantaged with respect to economic and psychological security, and with respect to protection against stale claims and loss of relevant proof. In this case where the defendants were timely put on notice of the claims against them, and where the claims are still at the medical review panel stage, we conclude that they will not be unfairly disadvantaged by allowing relation back in the instant case. Accordingly, we conclude that the trial court erred in sustaining the exceptions raised by defendants.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] Specifically, the grandchildren asserted in their letter requesting a medical review panel that the decedent had been subjected to neglect and substandard care which led to severe decubitus and gangrene which resulted in the amputation of her leg and the continued infections causing her death.