857 So.2d 1183 (2003)
Rosella HEBERT, et al
v.
CHATEAU LIVING CENTER, L.L.C., et al.
No. 02-CA-462.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
Brett M. Dupuy, Metairie, LA, for Plaintiffs/Appellants.
James E. Wright, III, Amy M. Winters, Conrad Meyer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
This matter has been remanded to us for reconsideration in light of the recent opinion rendered by the Supreme Court in Richard v. Extended Care Centers, Inc., 02-0978 (La.1/14/03), 835 So.2d 460.[1] The issue before us is whether the plaintiff's allegations under the Nursing Home Residents' Bill of Rights (NHRBR) embodied in La. R.S. 40:2010.8, et seq. require submission to a medical review panel pursuant to the provisions of the Louisiana Medical Malpractice Act (MMA), La. R.S. 40:1299.41, et seq.
In our original opinion, Rosella Hebert, et al v. Chateau Living Center, L.L.C., et *1184 al, 02-462 (La.App. 5 Cir. 12/30/02), 836 So.2d 489, we reviewed a decision of the trial court to grant an exception of prematurity in an action brought under the NHRBR. In granting the exception, the trial court found that actions under the NHRBR were subject to the provision in the MMA that required presentation of the allegations to a medical review panel before the filing of a lawsuit in district court. This Court, in a split decision, reversed that ruling finding that:
We find the legislature clearly intended to establish an independent cause of action for offenses listed in the NHRBR, which is separate from, and in addition to, any medical malpractice claims the patient may have. Therefore, we hold that an action arising under the NHRBR Law may be brought in district court without a requirement of submission to a medical review panel and we reverse the trial court on that issue.
Some of the allegations made against defendant in the instant case include failure to properly nourish and hydrate, and a failure to hire, train, supervise and retain competent staff. When, as in the instant case, it is alleged that a resident of a nursing home is sent to a hospital only after he is starved, dehydrated and allowed to deteriorate to the extent that he cannot be helped, a cause of action has been asserted under several sections of the NHRBR, at the very least as a violation of his right to be treated with dignity, ..............
Id. 836 So.2d at 492.
In Richard v. Extended Care Centers, Inc, supra, the Supreme Court considered the issue of whether an allegation under the NHRBR that plaintiff was negligently allowed to fall out of her wheelchair at a nursing home must be submitted to a medical review panel. In Richard, 835 So.2d at 469, the Supreme Court concluded:
......... The Legislature's enactment of the NHRBR was not intended to remove malpractice claims against qualified health care providers from the coverage of the MMA, but was instead intended to provide nursing home residents with important rights to preserve their dignity and personal integrity, and to provide a means by which they could enforce these rights. These rights however, do not include the right to bring a malpractice claim against the nursing home outside the confines of the MMA.
However, not all negligent acts by a nursing home will constitute medical malpractice under the MMA. To constitute a medical malpractice claim, the alleged negligent act must be related to the nursing home resident's medical treatment at the nursing home under the requirements of Louisiana law.
Thus, we believe our conclusion that the trial court erred in granting the exception of prematurity to the entire action was correct. We further believe that, although Richard limits allegations that can be brought directly to the district court pursuant to the NHRBR, there still remains a cause of action separate and distinct from the MMA for the failure of nursing homes to treat its residents with dignity and personal integrity. Those claims can be brought without the necessity of a medical review panel. In accordance with the directive in Richard, we remand this matter to the trial court for a determination of which of plaintiff's allegations of negligence against the defendant are medical malpractice claims under Louisiana law, and which are allegations under the NHRBR.
REMANDED.
NOTES
[1] Rosella Hebert, et al v. Chateau Living Center, L.L.C. 2003-C-0303 (La.4/21/03), 841 So.2d 774.