895 So.2d 680 (2005)
Vergil HENRY, et al., Plaintiffs-Appellants,
v.
WEST MONROE GUEST HOUSE, INC., et al., Defendants-Appellees.
No. 39,442-CA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2005.
Nix, Patterson & Roach, by Kimberly A. Ramsey, for Appellants.
Provosty, Sadley, Delaunay, Fiorenza & Sobel, Counsel by David Sobel, Jeremy Cedars, Alexandria, for Appellees.
Before BROWN, STEWART, and LOLLEY, JJ.
*681 BROWN, C.J.
Plaintiffs, the surviving children of Vanna Henry, brought an action in state district court, naming as defendants West Monroe Guest House, Inc., and PHM Corporation. The petition alleges that defendants owned, operated, and/or controlled the West Monroe Guest House in West Monroe, Louisiana. The petition seeks damages for violations of Vanna Henry's rights as a nursing home resident. Defendants filed exceptions, including one of prematurity, alleging that the action was covered under the Medical Malpractice Act ("MMA") which required that plaintiffs must first present the claim to a medical review panel before filing suit in district court. The trial court granted the exception. We reverse in part and remand.

Facts
Vanna Henry was a resident of West Monroe Guest House from July 21, 1999, through her death on May 27, 2003. She was 99 years old at her death. Plaintiffs alleged that during this time, Ms. Henry suffered numerous indignities and injuries as a result of the custodial care provided by defendants. Specifically, that she was *682 left to lie in her own urine and feces until it dried to her body, causing her to suffer physical and emotional trauma, including dehydration, malnutrition, contractures, bed sores (decubitus ulcers/pressure sores), and death. Plaintiffs also alleged that this lack of care caused Ms. Henry to lose personal dignity. Plaintiffs claimed that some of defendant's alleged failures and wrongdoings were in violation of La. R.S. 40:2010.9(A),[1] the Nursing Home Resident's Bill of Rights "NHRBR"). Plaintiffs requested attorney fees and all other relief allowed by law, and asserted a claim for survival action pursuant to La. C.C. art. 2315.1.
Defendants filed dilatory exceptions of prematurity, vagueness and lack of procedural capacity. In the exception of prematurity, defendants asserted that West Monroe Guest House is a qualified health care provider under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq. Defendants claimed that plaintiffs' cause of action was one of medical malpractice as defined by the MMA and that these allegations should first be brought before a medical review panel.
The trial court granted defendants' exceptions of prematurity. Plaintiffs have appealed.

Discussion
The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim to a medical review panel before filing suit against the provider. Spradlin v. Acadia  St. Landry Medical Foundation, 98-1977 (La.02/29/00), 758 So.2d 116. Accordingly, a claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel. Id. Nursing homes are defined as "hospitals" for the purposes of falling under the ambit of the MMA. La. R.S. 40:1299.41 A(4).
Plaintiffs dispute that all of their claims, as alleged in the original and two amended petitions, lie in medical malpractice. Instead, they contend that some of their claims arise out of violations of Vanna Henry's rights under the NHRBR. Plaintiffs claim that these rights were violated when Ms. Henry was left to lie in her own human waste for extended periods of time on a daily basis. Plaintiffs admit that their other claims are for medical malpractice and that, as to those claims, they have initiated a separate proceeding with a medical review panel.
Several cases in Louisiana have discussed the fine line between MMA claims and NHRBR claims. In Richard v. Louisiana Extended Care Centers, Inc., 02-0978 (La.01/14/03), 835 So.2d 460, as in the case at bar, the court dealt with a plaintiff alleging violations of the NHRBR, while the defendant asserted that the claims fell under the MMA. In discussing nursing home resident claims, the Richard court stated that "the nursing home resident is not always receiving medical care or treatment for any specific condition, but can always be said to be `confined' to the nursing home. However, in our view, it was not the intent of the legislature to have every `act, ..., by any health care provider ... during the patient's ... confinement' in a nursing home covered by the MMA." Id. at 468. The supreme court concluded that, "not all negligent acts by a nursing home will constitute medical malpractice *683 under the MMA. To constitute a medical malpractice claim, the alleged negligent act must be related to the nursing home resident's medical treatment at the nursing home under the requirements of Louisiana law." Id. at 469.
In Coleman v. Deno, 01-1517 (La.01/25/02), 813 So.2d 303, the supreme court set forth six factors to be considered in determining whether plaintiffs' claims lie in malpractice or the NHRBR. In particular, [1] whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; [2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; [3] whether the pertinent act or omission involved assessment of the patient's condition; [4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; [5] whether the injury would have occurred if the patient had not sought treatment; and [6] whether the tort alleged was intentional.
In this case, plaintiffs have argued that their cause of action arises out of the nursing home's failure to check and change Ms. Henry's adult diaper in a timely manner, causing Ms. Henry a loss of personal dignity. Although defendants urge that this case is about decubitus ulcers, we accept plaintiffs' allegations, and note that plaintiffs presented a separate request for a medical review panel to discuss all malpractice aspects of Ms. Henry's case. Therefore, this appeal will only address plaintiffs' dignity claims.
First, we find that changing a diaper is not medical treatment. Many non-medical persons have done it without difficulty or specialized medical training. Second, no medical expert is needed to determine whether a diaper is in need of a changing. Again, we are not discussing causation of decubitus ulcers, but instead, the personal dignity of a nursing home resident. Third, a medical assessment of the resident's condition was not necessary as Ms. Henry's care plan called for a diaper change every two hours, or as needed. This court has previously held that complaints are not treatment related when the failure of the nursing home arises from a failure to abide by the patient care plan. See Terry v. Red River Center Corporation, 37,991 (La.App.2d Cir.12/10/03), 862 So.2d 1061, writ denied, 04-0094 (La.03/19/04), 869 So.2d 856. Similarly, the Fifth Circuit has found that failure to abide by a care plan is not a medical assessment. See Jordan v. Stonebridge, L.L.C., 03-588 (La.App. 5th Cir.11/25/03), 862 So.2d 181, writ denied, 03-3520 (La.03/19/04), 869 So.2d 851. Fourth, changing a diaper is something routinely performed by nurses aides, and not under the direction of a physician. Fifth, Ms. Henry would have suffered a loss of dignity for having dirty diapers, regardless of her residence in the nursing home. Sixth, this factor is not applicable in this case. Under this analysis, we find that plaintiffs' complaints fall under the NHRBR, and not the MMA.
Defendants allege that the MMA is the exclusive remedy of plaintiffs when any portion of their cause of action falls under the MMA. We disagree. In Gorham v. HCA Health Services of Louisiana, 34,721 (La.App.2d Cir.05/17/01), 786 So.2d 348, this court noted that an action arising under the NHRBR may be brought in a district court without the requirement of submission to a medical review panel. In Pender v. Natchitoches Parish Hospital, 01-1380 (La.App. 3d Cir.05/15/02), 817 So.2d 1239, the Third Circuit discussed the exclusivity of the MMA, and noted that remedies for violations of the NHRBR are *684 not considered duplicative of a regular tort claim, citing Schenck v. Living Centers-East, Inc., 917 F.Supp. 432 (E.D.La.1996); Petre v. Living Centers-East, Inc., 935 F.Supp. 808 (E.D.La.1996). The court went on to say that they are, therefore, unique and they stand alone. Furthermore, the court observed that because the NHRBR is narrower and more focused than the MMA, the statute more specifically directed to the matter at issue must prevail as an exception to a statute more general in character, citing Esteve v. Allstate Ins. Co., 351 So.2d 117 (La.1977). Likewise, the court in Hebert v. Chateau Living Center, L.L.C., 02-462 (La.App. 5th Cir.09/30/03), 857 So.2d 1183 held that there still remains a cause of action separate and distinct from the MMA for the failure of nursing homes to treat its residents with dignity and personal integrity. Those claims can be brought without the necessity of a medical review panel. Additionally, La. R.S. 40:2010.9(B), as it existed prior to its amendment in 2003, stated that the remedies provided in this action are in addition to and cumulative with other legal and administrative remedies available to a resident and to the Department of Health and Hospitals or other governmental agencies. Accordingly, we find that plaintiffs can maintain a MMA claim and a NHRBR claim separately and simultaneously.
Defendants also argue that plaintiffs' claims allege malpractice because they deal with patient "handling", citing McKnight v. D & W Health Services, Inc., 02-2552 (La.App. 1st Cir.11/07/03), 873 So.2d 18, and involve decubitus ulcers, citing Miller v. Nursing Homes Management, 38,198 (La.App.2d Cir.03/05/04), 867 So.2d 1000. Richard, supra, requires the "handling" to be in furtherance of medical treatment. As the complaints of plaintiffs are not regarding Ms. Henry's medical treatment, defendants' claims of "handling" do not apply. Furthermore, plaintiffs are alleging violations of the NHRBR due to a loss of dignity. The causation of decubitus ulcers is part of plaintiffs' malpractice claim and is separate from the loss of dignity action. Accordingly, Miller, supra, does not apply.

Conclusion
The claims of plaintiffs are for Ms. Henry's indignities of having to lie in her own waste for extended periods of time. These claims fall under the NHRBR and not the MMA. Accordingly, we reverse the ruling of the trial court on the exception of prematurity to allow plaintiffs to proceed with their NHRBR claim. Any claims regarding causation of physical trauma, dehydration, malnutrition, contractures, decubitus ulcers and death are to be placed before the medical review panel. Costs of this appeal are assessed to defendants.
REVERSED IN PART and REMANDED.
NOTES
[1] La. R.S. 40:2010.9 was amended by Acts 2003, No. 506 § 1, effective August 15, 2003. Plaintiffs' cause of action arose prior to the amendment. Therefore, the pre-amended form of the statute applies to this claim.