899 So.2d 775 (2005)
Elvie J. BURKS, et al., Plaintiffs-Appellants,
v.
CHRISTUS HEALTH MONROE d/b/a Christus St. Joseph's Home, Defendant-Appellee.
No. 39,540-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*777 Nix, Patterson & Roach by Kimberly A. Ramsey, Brady Paddock, Anthony K. Brunster, Christopher Johnson, for Appellants.
Provosty, Sadler, deLaunay, Fiorenza & Sobel by David R. Sobel, Jeremy C. Cedars, Alexandria, for Appellee.
Before BROWN, GASKINS and DREW, JJ.
GASKINS, J.
The plaintiff, Elvie J. Burks, individually and on behalf of the estate of her mother, Sabie Rogers, appeals a trial court judgment sustaining an exception of prematurity in favor of the defendant, Christus Health Monroe d/b/a Christus St. Joseph's Home. We affirm in part and reverse in part the trial court judgment and remand for further proceedings.

FACTS
Sabie Rogers was a resident of Christus St. Joseph's Home (nursing home) between March 2003 and December 2003. Ms. Rogers died on December 19, 2003. On March 18, 2004, Ms. Burks filed suit for damages against the nursing home for its negligence and violation of the Nursing Home Resident's Bill of Rights (NHRBR) contained in La. R.S. 40:2010.9. The petition alleges that Ms. Rogers was deprived of her dignity and suffered physical and mental abuse by being allowed to lie in her own urine and waste for hours at a time without being cleaned; not being properly fed and hydrated; and being allowed to develop bed sores. The plaintiff sought attorney fees and all other relief allowed by law. She also asserted a survival action pursuant to La. C.C. art. 2315.1.
The petition claims damages under the NHRBR for any and all conduct occurring prior to August 15, 2003, the effective date of the amendment to the NHRBR which eliminated the right to seek damages for violation thereof and limited a claimant's remedies to injunctive relief. The petition seeks damages for any conduct occurring on or after August 15, 2003, under a general negligence theory.
According to her brief, Ms. Burks also filed a request for the formation of a medical review panel seeking review of the professional health care and services rendered to the plaintiff while a resident at the nursing home.
The nursing home filed an exception of prematurity and in the alternative, one of vagueness. According to the nursing home, it is a qualified health care provider under the Louisiana Medical Malpractice Act (MMA) contained in La. R.S. 40:1299.41, et seq., and because the plaintiff's claims constitute medical malpractice, she was obligated to seek an opinion from a medical review panel before filing suit in district court.
Ms. Burks opposed the exception on the basis that the negligent conduct alleged in her petition does not constitute medical malpractice, but rather asserts violations *778 of the NHRBR that do not overlap into the area of medical malpractice regulated by the MMA.
The trial court granted the exception of prematurity, finding that the allegations in the petition were subject to review by a medical review panel before filing suit in the district court. The plaintiff appealed only that portion of the trial court judgment which granted the exception of prematurity as to her claims that the nursing home violated the provisions of the NHRBR by allowing Ms. Rogers to lie in her own waste for extended periods of time.

LEGAL PRINCIPLES
The plaintiff brought this action under both the NHRBR and a general negligence theory. The NHRBR was enacted "to preserve the dignity and personal integrity of residents of nursing homes through the recognition and declaration of rights safeguarding against encroachments upon nursing home residents' right to self-determination." La. R.S. 40:2010.6. To do so, the NHRBR requires nursing homes to treat their residents in accordance with certain enumerated rights, including but not limited to the right to be treated with dignity and the right to be free from mental and physical abuse. La. R.S. 40:2010.8(A)(9)(10).
The recently amended version of La. R.S. 40:2010.9 provides that any resident whose rights under the NHRBR have been violated may assert a cause of action for injunctive relief, but limits recovery to attorney fees and costs.[1] Prior to the amendment, the provision expressly allowed the recovery of actual damages for violations of the act. Absent expressed legislative intent to the contrary, substantive laws apply prospectively only while procedural and interpretive laws apply both prospectively and retroactively. La. C.C. art. 6. In determining whether retroactive or prospective application is to be given a newly-enacted provision where no legislative intent in that regard has been expressed, the enactment must be classified as either substantive, procedural, or interpretive. Keith v. U.S. Fidelity and Guaranty Company, 96-2075 (La.5/9/97), 694 So.2d 180.
Substantive laws either establish new rules, rights, and duties or change existing ones. It is clear that the amendment to La. R.S. 40:2010.9 eliminates the availability of a right to recover damages for a violation of the NHRBR. Accordingly, the amendment in the present case, eliminating the claim for damages, is substantive in nature. Because the alleged facts giving rise to the cause of action stated in the plaintiff's petition cover a period preceding and following the effective date of the amendment, August 15, 2003, any and all violations occurring herein before that date are governed by the pre-amendment version of La. R.S. 40:2010.9. Those violations occurring on or after that date are subject to the statute as amended.
The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim to a medical review panel before filing suit against the provider. Accordingly, a claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel. Spradlin v. Acadia-St. Landry Medical Foundation, XXXX-XXXX (La.2/29/00), 758 So.2d 116; Henry v. West *779 Monroe Guest House, Inc., 39,442 (La. App.2d Cir.3/2/05), 895 So.2d 680. Nursing homes are defined as "hospitals" for the purposes of the MMA. La. R.S. 40:1299.41 A(4).

DISCUSSION
The plaintiff in this matter appeals only that portion of the trial court's judgment which granted the exception of prematurity as to her claims that the nursing home violated the provisions of the NHRBR by allowing Ms. Rogers to lie in her own waste for extended periods of time due to failure to change her adult diapers and change her bed linens. She argues that the conduct of the nursing home in this regard does not constitute medical malpractice requiring review by a medical review panel.
The claims asserted in this case are substantially the same as those considered in Henry v. West Monroe Guest House, Inc., supra. This court in Henry applied the factors set forth in Coleman v. Deno, XXXX-XXXX (La.1/25/02), 813 So.2d 303, in determining whether a claim lies in malpractice or the NHRBR. Those factors are: (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.
In Henry, this court noted that we were not considering the causation of decubitus ulcers, but rather whether the personal dignity of a nursing home resident has been violated. We held that determining whether a diaper needs to be changed is not related to medical treatment. No medical expert is needed to ascertain whether a diaper is in need of changing. A medical assessment of the resident's condition was not necessary. We stated that changing diapers is a function routinely performed by nurses' aides and is not done under the direction of a physician. Finally, the patient would have suffered a loss of dignity from having dirty diapers, regardless of her residence in a nursing home.
We held that the complaint regarding failure to change adult diapers fell under the NHRBR, not the MMA. We also noted that claims for violation of the NHRBR may be brought in district court separately from claims under the MMA. We reversed the ruling of the trial court on the exception of prematurity and allowed the plaintiffs to proceed with their NHRBR claims.
In the present case, for the reasons assigned in Henry, we find that the plaintiff has asserted claims under the NHRBR which do not require submission to a medical review panel. Accordingly, we reverse the trial court judgment which granted the nursing home's exception of prematurity. The plaintiff may proceed with her NHRBR claims. As in Henry, we note that any claims regarding causation of dehydration, malnutrition, and decubitus ulcers are to be placed before the medical review panel.
We need not resolve the question raised in the lower court of whether the amendment of La. R.S. 40:2010.9, eliminating the availability of damages as a remedy for violations of the NHRBR, impacts the viability of a plaintiff's claim for damages under a general negligence theory for conduct occurring on or after the effective *780 date of the amendment. The question before this court is whether the trial court correctly granted the exception of prematurity by concluding that the allegations that the nursing home's failure to clean Ms. Rogers of her own waste constituted medical malpractice. Finding that those claims do not constitute medical malpractice, we reverse the trial court judgment granting the exception of prematurity. The question of whether the plaintiff has a viable cause of action for damages for conduct complained of that occurred on or after August 15, 2003, is not properly addressed on an exception of prematurity. Finding it unnecessary to resolution of the matter correctly before the court, we offer no opinion herein on that issue.

CONCLUSION
For the reasons stated above, we reverse in part the ruling of the trial court granting an exception of prematurity in favor of the defendant, Christus Health Monroe d/b/a/ Christus St. Joseph's Home, on the issue of whether the nursing home violated the provisions of the NHRBR by failing to keep Sabie Rogers clean of her own waste. The granting of the exception is affirmed as to all other claims. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] See Acts 2003, No. 506, § 1.