902 So.2d 1150 (2005)
Reverend John E. ROGERS, Individually and on Behalf of the Estate of Almeda Holmes, Plaintiff-Appellant
v.
HICKORY MANOR NURSING & REHABILITATION, L.L.C., d/b/a Hickory Manor Nursing & Rehabilitation, L.L.C., and Kisatchie Corporation, Defendants-Appellees.
No. 39,626-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1151 Nix, Patterson & Roach, L.L.P., by Kimberly A. Ramsey, Anthony Bruster, for Appellant.
Bolen, Parker & Brenner, by Greg Engelsman, Alexandria, for Appellees.
Before GASKINS, CARAWAY and MOORE, JJ.
GASKINS, J.
The plaintiff, John E. Rogers, individually and on behalf of the estate of Almeda Holmes, appeals from a judgment sustaining an exception of prematurity in favor of the defendants, Hickory Manor Nursing Home and Rehabilitation, L.L.C., and Kisatchie Corporation. We reverse in part the trial court judgment and remand for further proceedings.

FACTS
Almeda Holmes was a resident of Hickory Manor Nursing Home and Rehabilitation, L.L.C. (Hickory Manor) from January 2003 through January 2004. The plaintiff is Ms. Holmes' adult son and was her curator prior to her death on April 12, 2004. On February 5, 2004, he filed suit on behalf of his mother against Hickory Manor and Kisatchie Corporation, the alleged owner of the nursing home. According to the petition, Ms. Holmes suffered from dehydration, malnutrition, contractures, and bedsores during her stay at Hickory Manor; further, the petition alleged *1152 that the defendants allowed Ms. Holmes to lie in her own waste for extended periods of time. The plaintiff sought damages under the Nursing Home Resident's Bill of Rights (NHRBR) contained in La. R.S. 40:2010.9, arguing that the defendants caused Ms. Holmes to suffer unnecessary pain and suffering and loss of personal dignity. The plaintiff also filed a formal request for a medical review panel asking for review of his claims against the nursing home.
Hickory Manor filed an exception of prematurity, urging that it was entitled to a medical review panel for all of the plaintiff's claims because the alleged wrongdoing was medical malpractice and that Hickory Manor was a qualified health care provider under the Louisiana Medical Malpractice Act (MMA) contained in La. 40:1299.41, et seq. Kisatchie filed exceptions of no right and no cause of action but did not raise an exception of prematurity.
Following Ms. Holmes' death, the plaintiff filed a supplemental and amending petition bringing suit individually and on behalf of the estate of his mother. He also added Central Management Company (Central) as a defendant. Central was sued as the operator of Hickory Manor.
On July 20, 2004, the trial court heard argument on the exception of prematurity. The plaintiff's attorney asked for a partial denial of the exception of prematurity insofar as it concerned the claims regarding the failure to clean Ms. Holmes after her episodes of incontinence.
The trial court granted the exception of prematurity on behalf of Hickory Manor and Kisatchie[1] and dismissed all of the plaintiff's claims without prejudice. The plaintiff appealed only that portion of the trial court judgment which granted the exception of prematurity as to his claims that the nursing home violated the provisions of the NHRBR by allowing Ms. Holmes to lie in her own waste for extended periods of time.

LEGAL PRINCIPLES
The plaintiff brought this action under both the NHRBR and a general negligence theory. The NHRBR was enacted "to preserve the dignity and personal integrity of residents of nursing homes through the recognition and declaration of rights safeguarding against encroachments upon nursing home residents' right to self-determination." La. R.S. 40:2010.6. To do so, the NHRBR requires nursing homes to treat their residents in accordance with certain enumerated rights, including, but not limited to, the right to be treated with dignity and the right to be free from mental and physical abuse. La. R.S. 40:2010.8(A)(9)(10).
The recently amended version of La. R.S. 40:2010.9 provides that any resident whose rights under the NHRBR have been violated may assert a cause of action for injunctive relief, but limits recovery to attorney fees and costs.[2] Prior to the amendment, the provision expressly allowed the recovery of actual damages for violations of the act. The plaintiff's claims arise from occurrences that took place both before and after the effective date of the amendment to the NHRBR. Not before this court is whether a cause of action for loss of dignity exists under La. C.C. art. 2315; accordingly, we do not address that issue.
*1153 The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim to a medical review panel before filing suit against the provider. A claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been screened by a pre-suit medical review panel. Spradlin v. Acadia-St. Landry Medical Foundation, XXXX-XXXX (La.2/29/00), 758 So.2d 116; Henry v. West Monroe Guest House, Inc., 39,442 (La.App. 2d Cir.3/2/05), 895 So.2d 680. Nursing homes are defined as "hospitals" for the purposes of the MMA. La. R.S. 40:1299.41(A)(4).

DISCUSSION
The plaintiff in this case appeals only that portion of the trial court judgment which granted the exception of prematurity as to his claims that the nursing home violated the provisions of the NHRBR by allowing Ms. Holmes to lie in her own waste for extended periods of time due to the failure of nursing home personnel to clean up after her episodes of incontinence. The plaintiff contends that the conduct of the nursing home in this regard does not constitute medical malpractice requiring review by a medical review panel.
The claims raised in the instant appeal are substantially the same as those raised in several other cases recently decided by this court.[3] The first of these cases to be decided by this court was Henry v. West Monroe Guest House, Inc., supra. In Henry, supra, this court applied the factors set forth in Coleman v. Deno, XXXX-XXXX (La.1/25/02), 813 So.2d 303, in determining whether a claim lies in medical malpractice or the NHRBR. In Henry, this court stated:
First, we find that changing a diaper is not medical treatment. Many non-medical persons have done it without difficulty or specialized medical training. Second, no medical expert is needed to determine whether a diaper is in need of a changing. Again, we are not discussing causation of decubitus ulcers, but instead, the personal dignity of a nursing home resident. Third, a medical assessment of the resident's condition was not necessary as Ms. Henry's care plan called for a diaper change every two hours, or as needed. This court has previously held that complaints are not treatment related when the failure of the nursing home arises from a failure to abide by the patient care plan.... Fourth, changing a diaper is something routinely performed by nurses aides, and not under the direction of a physician. Fifth, Ms. Henry would have suffered a loss of dignity for having dirty diapers, regardless of her residence in the nursing home. Sixth, this factor is not applicable in this case. Under this analysis, we find that plaintiffs' complaints fall under the NHRBR, and not the MMA. [Citations omitted.]
This court in Henry held that the complaint, which is essentially identical to that raised in the case sub judice, fell under the NHRBR and not the MMA. We also noted that claims for violation of the NHRBR may be brought in district court separately from claims under the MMA. We reversed the ruling of the trial court on the exception of prematurity and allowed the plaintiffs to proceed with their NHRBR claims.
*1154 For the reasons stated in Henry, we reverse in part the trial court judgment and remand for further proceedings.

CONCLUSION
For the reasons stated above, we reverse in part the ruling of the trial court granting an exception of prematurity in favor of the defendants, Hickory Manor Nursing Home and Rehabilitation, L.L.C., and Kisatchie Corporation, on this issue of whether the nursing home failed to keep Almeda Holmes clean of her own waste. The granting of the exception is affirmed as to all other claims. The case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The trial court judgment includes Kisatchie in the grant of the exception of prematurity although Kisatchie did not plead the exception. No explanation is offered for the expansion of the exception to Kisatchie.
[2] See Acts 2003, No. 506, § 1.
[3] See also Burks v. Christus Health Monroe, 39,540 (La.App. 2d Cir.4/6/05), 899 So.2d 775.