889 So.2d 1178 (2004)
Scott J. BAKER, Plaintiff-Appellant,
v.
LSU HEALTH SCIENCES CENTER INSTITUTE OF PROFESSIONAL EDUCATION and F. Scott Kennedy, Defendants-Appellees.
No. 39,200-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*1180 William B. King, for Appellant.
Charles C. Foti, Jr., Attorney General, Mary Lou Blackley, Robin G. Perrero, Assistants Attorney General, for Appellees.
Before BROWN, WILLIAMS & PEATROSS, JJ.
PEATROSS, J.
Plaintiff, Scott J. Baker, appeals the judgment of the trial court granting Defendant's, F. Scott Kennedy, exception of no cause of action and dismissing Mr. Baker's claims against him. For the reasons set forth below, the judgment of the trial court is affirmed in part, reversed in part and remanded.

*1181 FACTS

On December 23, 2002, Scott J. Baker, filed a petition for damages naming as defendant, Louisiana State University Health Sciences Center Institute of Professional Education ("LSUHSC") and Dr. F. Scott Kennedy, an employee of LSUHSC. The petition alleges that, in 2001, Mr. Baker applied for admission to the LSU Medical School in Shreveport, Louisiana. As part of the admissions process, Mr. Baker was interviewed by Dr. Kennedy and another unnamed member of the faculty, after which he was denied admission to the school. Allegedly, Dr. Kennedy encouraged Mr. Baker during the interview to obtain a masters degree in order to "facilitate" his admission to the medical school.
The petition further alleges that Mr. Baker was denied due process because Dr. Kennedy was biased and prejudiced and because the regulations mandate that applicants be interviewed by three unbiased members of the faculty. The petition also alleges that Mr. Baker detrimentally relied on Dr. Kennedy's recommendation that he obtain a masters degree because, after obtaining this degree, he was again denied admission to the school. Finally, the petition alleges that Dr. Kennedy intentionally inflicted emotional distress by interrogating, ridiculing and intimidating Mr. Baker during both of the interviews incidental to his seeking admission to the school.
LSUHSC responded by filing an exception of no right of action claiming that it is a non-profit corporation subsidiary of The Foundation for the LSU Health Sciences Center without any involvement with the admission process to the LSU Medical School-Shreveport. Dr. Kennedy responded with an exception of no cause of action alleging that, even if all the factual allegations of Mr. Baker's petition are accepted as true, the petition fails to state a cause of action against Dr. Kennedy. Mr. Baker filed memoranda in opposition to both exceptions and also amended his petition to add the Board of Supervisors of the LSU Agriculture and Mechanical College LSU Health Sciences Center Shreveport as a defendant.
On March 31, 2004, Mr. Baker filed a supplemental memorandum in opposition to the exceptions in which he submitted the deposition testimony of Julia Ryscavage, a fourth-year medical student at LSU Medical School  Shreveport, as alleged evidence of the emotional distress caused by Dr. Kennedy. On April 5, 2004, the parties agreed to submit the exceptions on briefs. On May 11, 2004, the trial court issued reasons for judgment granting both the exception of no right of action in favor of LSUHSC and the exception of no cause of action in favor of Dr. Kennedy. A written judgment granting the exceptions and dismissing all of Mr. Baker's claims against these two defendants was signed on May 27, 2004. Mr. Baker has appealed the portion of the trial court's judgment sustaining Dr. Kennedy's exception of no cause of action and dismissing all claims against him.

DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations presented. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. In considering a trial court's ruling on an exception of no cause of action, therefore, the appellate court accepts the allegations of fact in the petition as true. Everything on Wheels Subaru, Inc., supra. The determination is based on whether the *1182 face of the petition shows the plaintiffs are legally entitled to the relief sought therein. Id. If the grounds of the peremptory exception of no cause of action cannot be removed by amendment of the pleadings, then the action shall be dismissed. La. C.C.P. art. 934. Day v. Morehouse General Hospital, 37,803 (La.App.2d Cir.1/28/04), 865 So.2d 924, writ denied, 04-0504 (La.4/8/04), 870 So.2d 275.
In reviewing the granting of an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Board of Commissioners of New Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237. Accordingly, we exercise our jurisdiction by reviewing de novo the factual allegations of Mr. Baker's petition to determine whether the allegations, when accepted as true, entitle him to a remedy at law under the theory of deprivation of due process, detrimental reliance or intentional infliction of emotional distress.

Deprivation of Due Process Rights
In order to assert the protections of due process provided by the United States Constitution and/or the Louisiana Constitution, a claimant must show the existence of some property or liberty interest which has been adversely affected by state action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
Property interests are not created by the Constitution, but by existing rules that stem from independent sources such as state law. Board of Regents v. Roth, supra. Mr. Baker has not cited, nor is this court aware of any statutory, regulatory or jurisprudential authority for the proposition that he had either a property or liberty interest in "prospective" admission to the LSU Medical School mandating the due process protections afforded under either the United States or Louisiana Constitutions.
In fact, the United States Supreme Court has, in at least two cases, had occasion to consider whether the right to "continued" enrollment in university programs is a federally protected right under the substantive due process clause of the Fourteenth Amendment and has refused to definitively recognize the same. See Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985); and Board of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). Instead, the Court merely assumed the existence of the right and disposed of the cases on the basis that no violation had occurred.
Absent any evidence or authority for the proposition that plaintiff had a property or liberty interest in admission to the LSU Medical School, we conclude that the trial court did not err in finding that no such interest exists.

Detrimental Reliance
La. C.C. art.1967 provides:

*1183 A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
A claim of detrimental reliance must meet three requirements: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance. Miller v. Miller, 35,934 (La.App.2d Cir.5/8/02), 817 So.2d 1166, writ denied, 02-1890 (La.10/25/02), 827 So.2d 1154. The concept, however, is not favored in our law and should be applied cautiously since it bars the normal assertion of rights otherwise present. Miller, supra, citing Maddox v. Keen, 33,072 (La.App.2d Cir.4/7/00), 756 So.2d 1279.
Mr. Baker's petition clearly states that Dr. Kennedy told Mr. Baker during the first interview for admission to the medical school that a master's degree would "facilitate" his entry into the medical school. This allegation, even if true, does not amount to a misrepresentation of fact. According to the allegation as written, Dr. Kennedy merely represented to the applicant that a masters degree might make it easier for Mr. Baker to gain admission to a future class. Further, we find that, if Mr. Baker relied on this representation as a guarantee of future admission once a masters degree was obtained, that reliance was not justifiable by any reasonable standard. Mr. Baker's petition does not state a cause of action in detrimental reliance and the trial court did not err in its ruling to that effect.

Intentional Infliction of Emotional Distress
To state a cause of action of intentional infliction of emotional distress, Mr. Baker's petition had to allege facts to establish: (1) that the conduct of Dr. Kennedy was extreme and outrageous; (2) that the emotional distress Mr. Baker suffered was severe; and (3) that Dr. Kennedy desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205 (La.1991).
Mr. Baker's petition does not make allegations sufficient to meet this burden. When stripped of conclusory allegations, which may not be considered on an exception of no cause of action, the petition contains no allegations setting forth a cause of action for intentional infliction of emotional distress. Mr. Baker does not allege any specific facts which support the conclusions that Dr. Kennedy's conduct was "extreme and outrageous," that Mr. Baker suffered severe emotional distress or that Dr. Kennedy knew or should have known that his conduct would result in Mr. Baker suffering that distress. Accordingly, the trial court did not err in concluding that the four corners of the petition filed in the case sub judice failed to state a cause of action for intentional infliction of emotional distress.
It is possible, however, that, in detailing the specifics of the manner in which Mr. Baker claims he was intimidated and ridiculed by Dr. Kennedy, he could set forth a cause of action for intentional infliction of emotional distress. As previously mentioned, the peremptory exception of no cause of action is triable solely on the face of the petition, without extrinsic evidence. La. C.C.P. art. 931. Further, when the petition fails to state a cause of action, but may be amended to cure the *1184 defect, the court shall grant the plaintiff leave to amend. Art. 934; Carter v. Exide Corp., 27,358 (La.App.2d Cir.9/29/95), 661 So.2d 698, citing Thornton v. Heritage Fed. Sav. & Loan Ass'n, 459 So.2d 115 (La.App. 2d Cir.1984). Again, finding that Mr. Baker could conceivably state a cause of action of intentional infliction of emotional distress, we further find that the trial court should have allowed Mr. Baker a delay within which to amend his petition accordingly.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed with regard to the dismissal of Mr. Baker's claims for due process violations and detrimental reliance. With respect to Mr. Baker's claim for intentional infliction of emotional distress, the judgment dismissing this claim is reversed and the matter is remanded to the trial court to allow Mr. Baker 15 days to amend his petition to state a cause of action on this claim. The costs of this appeal are to be borne by Plaintiff, Scott J. Baker.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.