STEWART, J.
laThe plaintiff, Marilyn Lewis, appeals a final judgment that granted peremptory exceptions of prescription filed by the defendants Solutions Medical Consulting, LLC, d/b/a Serenity Springs Speciality Hospital (hereafter “Serenity Springs”), Dr. Aruna Gullapalli, and Dr. Steven Ven-ters and dismissed her medical malpractice action with prejudice.[1] We find that the defendants’ exceptions were properly granted and affirm the trial court’s judgment.
FACTS
On September 23, 2011, Lewis filed suit in district court against Serenity Springs and Dr. Gullapalli for medical malpractice. The same day, by facsimile, she requested the formation of a medical review panel to review her claim of alleged malpractice that occurred between September 23, 2010, and September 30, 2010, when she claims she was improperly committed and detained against her will.
By letter dated September 29, 2011, the Patient’s Compensation Fund (“PCF”) acknowledged receipt of Lewis’s request and informed her that Dr. Gullapalli and Serenity Springs were qualified healthcare providers under the Medical Malpractice Act (“MMA”).[2] The letter included the following pertinent information:
In accordance with LA R.S. 40:1299.47A(l)(c) a filing fee of $100 per qualified defendant is due within 45 days of the postmark of this | .¡notice. Please remit a payment to the Patient’s Compensation Fund in the amount of $200. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court forma pauperis ruling as set forth in La. R.S. 40:1299.47A(l)(d). Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
By letter dated December 6, 2011, the PCF informed Lewis that it had not received the filing fee in the amount of $200, that she failed to comply within the time allowed (45 days), and that her claim (PCF File No. 2011-01207) “is considered invalid and without effect.”
With regard to Lewis’s suit filed in district court on September 23, 2011, both Serenity Springs and Dr. Gullapalli filed exceptions of prematurity. On January 23, 2012, the trial court heard and sustained the exceptions of prematurity. The judgment signed on February 22, 2012, dismissed Lewis’s suit without prejudice.
Also January 23, 2012, Lewis, who had now obtained the aid of counsel, filed a second petition for damages in the district court naming Serenity Springs, Dr. Gulla-palli, and “Dr. Steven Veenter” as defendants. On or about January 23, 2012, Lewis forwarded the petition to the PCF and again requested formation of a medical review panel.
By letter dated February 14, 2012, the PCF wrote to counsel for Lewis acknowledging receipt of the request for a medical *309 review panel (PCF File No. 2012-00138). The letter stated that all three defendants were qualified providers under the MMA and that a filing fee of $100 per qualified defendant, a total of $800, would be due within 45 days of the postmark of the letter.
|4In response to Lewis’s petition for damages filed in district court, all three defendants filed exceptions of prematurity. Serenity Springs and Dr. Gullapalli also filed exceptions of res judicata.[3] By judgment rendered June 25, 2012, the trial court granted the exceptions of prematurity and res judicata, and dismissed Lewis’s district court suit without prejudice.
On July 10, 2012, Serenity Springs filed a peremptory exception of prescription seeking dismissal of the medical review panel proceedings before the PCF. On July 23, 2012, Dr. Venters also filed an exception of prescription.[4] Both asserted that the January 23, 2012, request for a medical review panel filed more than one year after the alleged acts of malpractice is prescribed on its face. Moreover, they asserted that none of Lewis’s prior filings suspended or interrupted the prescriptive period. Their exceptions were supported by exhibits, including all of the filings, letters, and judgments referenced above.
On September 20, 2012, the trial court heard the exceptions of prescription. The defendants submitted on the record and offered the exhibits attached to their exceptions into evidence. Opposing the exceptions, Lewis chose to testify. Lewis explained that when she initially filed suit in district court and filed a complaint with the PCF on September 23, 2011, she thought she was following the correct procedure. She admitted receiving information about paying the filing fee within the 45-day |5period. She claimed that she mailed a personal check for $200 and that she thought the money had been taken out of her account. She also admitted that she received the letter dated December 6, 2011, from the PCF stating that she had failed to remit the filing fee. Lewis testified that she then sent a money order on December 14, 2011, but the PCF returned it to her and informed her that her clam was still invalid. A copy of the money order was introduced into evidence. When questioned by the trial court, Lewis finally admitted that she had no documentation to show that she ever sent a $200 check to the PCF.
After taking the matter under advisement, the trial court gave a written ruling on November 18, 2012, sustaining the exceptions of prescription filed by Serenity Springs, Dr. Gullapalli, and Dr. Venters. The trial court found that neither the request for a medical review panel filed by Lewis on September 23, 2011, the petition for damages filed that same day, nor petition for damages filed on January 23, 2012, had any effect on the running of prescription on Lewis’s medical malpractice claim. Because the September 23, 2011, request for a medical review panel was deemed invalid and without effect due to Lewis’s failure to pay the filing fee within the required 45-day period, the trial court found that the request did not suspend prescription. Moreover, the trial court found that the two suits filed by Lewis in district court were premature and that the premature filing of the medical malpractice *310 suits did not interrupt prescription. A final judgment granting the peremptory-exceptions of prescription, dismissing the matter in its entirety with prejudice, and dissolving and dismissing the medical review 1 (¡panel proceedings, all at Lewis’s costs, was rendered on January 15, 2013. This appeal by Lewis followed.
DISCUSSION
Lewis raises one assignment of error on appeal. She asserts that the trial court was manifestly erroneous in sustaining the exceptions of prescription as to the complaint filed on “January 23, 2012,” with the PCF when Exhibit A attached to Dr. Ven-ters’ exception showed that the complaint was filed on January 20, 2012.
We find no merit to this assignment of error. The exhibit referred to by Lewis is a letter to her attorney from the PCF dated February 14, 2012. The letter both refers to a file date of January 20, 2012, and states that the request for a medical review panel was received on January 23, 2012. Whether the correct date is January 20, 2012, or January 23, 2012, is of no matter, because Lewis’s request was prescribed on its face regardless of which date is correct.
Lewis next argues that her original petition for damages and PCF complaint filed on September 23, 2011, should have suspended or interrupted prescription and that her subsequent filings in January 2012 should be considered as amendments of the pleadings. She further argues that her petition for damages filed on January 23, 2012, added additional defendants and causes of action and that the exceptions of prescription, prematurity, and res judicata should not have been granted. Again, we find no merit to this argument.
The judgment rendered June 25, 2012, granting exceptions of prematurity and res judicata as to the district court suit filed by Lewis on |7.January 23, 2012, is not properly before this court for review. The only judgment at issue in this appeal is the final judgment rendered on January 15, 2013, granting the defendants’ peremptory exceptions of prescription and ordering the medical review panel proceedings (PCF File No. 2012-00138) dismissed with prejudice.
Generally, the party who asserts the peremptory exception of prescription has the burden of proof; however, the burden of proof shifts to the plaintiff when his petition appears prescribed on its face and he contends that prescription was either suspended or interrupted. Masters v. Fields, 27,924 (La.App.2d Cir.1/24/96), 666 So.2d 1333. When evidence is introduced at the hearing on a peremptory exception, the trial court’s ruling is reviewed under the manifest error standard. Carter v. Ochsner Clinic Foundation, 07-889 (La.App.5th Cir.3/11/08), 978 So.2d 562, writ denied, 2008-0936 (La.8/29/08), 989 So.2d 99. A health care provider may raise any exception available pursuant to La. R.S. 9:5628, including the exception of prescription, prior to completion of the medical review panel process. La. R.S. 40:1299.47(B)(2)(a); Carter, supra.
Actions for medical malpractice must be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. La. R.S.9:5628(A). Even a claim filed within one year of the date of discovery must still be filed within three years from the date of the alleged act, omission, or neglect. Id.
According to Lewis’s various filings, the alleged malpractice occurred between September 23, 2010, and September 30, 2010, when she claimed |8that she was illegally committed and detained at Serenity Springs. As such, her complaint with *311 the PCF filed on or about January 28, 2012, was filed more than one year after the date of the alleged acts of malpractice and was prescribed on its face. Thus, the burden was on Lewis to prove that her malpractice claim had not prescribed.
Lewis states in her brief that the PCF complaint filed September 23, 2011, suspended or interrupted prescription. However, the record shows that this complaint was deemed invalid and without effect due to Lewis’s failure to pay the statutorily mandated filing fee. Under La. R.S. 40:1299.47(A)(l)(c), a claimant has 45 days from the mailing date of the confirmation of receipt of the request for review to pay a filing fee in the amount of $100 per qualified defendant. Failure to do so or to satisfy the waiver requirements under La. R.S. 40:1299.47(A)(l)(d) “shall render the request for review of a malpractice claim invalid and without effect” and the invalid request shall not suspend the time within which the malpractice suit must be instituted. La. R.S. 40:1299.47(A)(l)(e).
The case In re Medical Review Panel Proceedings of Ouder, 2007-1266 (La.5/2/08), 991 So.2d 58, is similar to the facts of the present matter. The act of malpractice occurred on April 23, 2004, when a sponge was left behind during surgery on Ms. Ouder. On March 8, 2005, Ouder requested review of her clam by a medical review panel. By letter dated March 21, 2005, the PCF informed her that a $200 filing fee must be remitted within the 45-day period or else her request would be rendered invalid and without effect and would not suspend the time for filing her | ^malpractice suit. When Ouder failed to timely remit the fee, the PCF informed her that her request was deemed invalid, without effect, and not considered filed. When she then attempted to pay the filing fee, the PCF rejected it as untimely and refunded it to her. On June 29, 2005, Ouder filed another request for a medical review panel and submitted the filing fee. The defendants raised the exception of prescription, which the trial court sustained. On appeal, Ouder argued that the PCF exceeded its authority in deeming her “timely initial filing invalid and without effect, simply because she did not timely remit the filing fee.” Id., 2007-1266, p. 4, 991 So.2d at 61. The appellate court rejected Ouder’s argument and concluded that the statutory language is clear that the failure to pay the filing fee within the required time period renders the request for review invalid and without effect and shall not suspend the prescriptive period for filing a medical malpractice action. Ouder’s request filed on June 29, 2005, more than one year from the alleged act of malpractice was prescribed.
In In Re Herring, 2007-1087 (La.App. 3d Cir.1/30/08), 974 So.2d 924, Herring filed a timely request for review of his medical malpractice complaint but failed to remit the filing fee within the 45-day period. The PCF then notified Herring and the two defendants by letter that he had failed to timely pay the filing fee and that it no longer considered his complaint filed. After Herring filed another complaint and paid the filing fee, the two defendants filed exceptions of prescription, which the trial court granted. On appeal, Herring argued that the filing fee was merely an incidental requirement that related back to the timely-filed complaint and did not affect the running of prescription. The appellate court rejected this argument. Citing Medical Review Panel of Davis v. Louisiana State University Health Sciences Center-Shreveport, 41,273 (La.App.2d Cir.8/25/06), 939 So.2d 539, writ denied, 06-2343 (La.12/8/06), 943 So.2d 1092, the court concluded that the payment of the filing fee is not incidental and that the complaint is not filed if the filing fee is not paid timely.
*312 The appellate court also rejected Herring’s argument that, under La. C.C.P. art. 934, he should be able to amend his complaint to cure any defect: The court reasoned that the failure to pay the filing fee cannot be cured by amendment. Because the failure to pay rendered the request for review invalid and without effect, there was nothing for an amendment to relate back to. The appellate court also rejected the argument that the PCF had no authority to dismiss Herring’s complaint, noting that the PCF’s letter merely stated what La. R.S. 40:1299.47(A)(l)(e) provides and that it was the trial court which dismissed his complaint by granting the exceptions of prescription. The court concluded that Herring’s June 27, 2006, complaint did not suspend prescription because his failure to timely pay the filing fees rendered his review request invalid and without effect.
In the present matter, Lewis filed a timely request on September 23, 2011, for review of her malpractice claim. Though Lewis testified that she sent a personal check and thought the money had been taken from her account, she admitted that she had nothing to prove that she had sent the check. The trial court’s ruling indicates that it found that Lewis did not pay the filing fee, and this factual finding is not manifestly erroneous. Because Lewis failed to pay the $200 filing fee as required by 40:1299.47(A)(l)(c), her request for review was invalid and without effect and did not operate to |n suspend the prescriptive period. Moreover, her belated attempt to pay the filing fee with a money order did not render her request valid. The PCF returned the money order as required by La. R.S. 40:1299.47(A)(6):
(6) In the event the board receives a filing fee that was not timely paid pursuant to Subparagraph (l)(c) of this Subsection, then the board shall return, or refund the amount of, the filing fee to the claimant within thirty days of the date the board receives the untimely filing fee.
For these reasons, we find that the trial court did not err in determining that the filing of the request for review on September 23, 2011, did not suspend prescription.
We also find no error in the trial court’s finding that the two suits filed in district court by Lewis were premature and had no effect on the prescriptive period. La. R.S. 40:1299.47(B)(l)(a)(i) states:
No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.
The supreme court has interpreted this provision as requiring a claimant to “provoke a medical review panel and receive an opinion from it before he can file suit in a court of law.” LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, 1230, citing Everett v. Goldman, 359 So.2d 1256 (La.1978). Under LeBreton, the premature filing of a medical malpractice suit, prior to the request for a medical review panel, does not interrupt prescription. See Johnson v. City of Bossier City, 35,030 (La.App.2d Cir.8/22/01), 793 So.2d 550. Accordingly, the suits filed by Lewis in district court on September 23, 2011, and on January 23, 2012, were premature and had no effect on the prescriptive period.
|1?We find that Lewis’s request for review of her claim by a medical review panel filed on or about January 23, 2012, was filed more than one year after the alleged acts of malpractice and is prescribed. We find no error in the trial court’s dismissal of her claim with prejudice and dissolution of the review panel process.
*313 CONCLUSION
For the reasons explained in this opinion, we affirm the trial court’s judgment. Appeal costs are assessed to the appellant, Marilyn Lewis.
AFFIRMED.

. The case heading lists "Dr. Aruna Gallapal-li” and "Dr. Steven Venteers” as defendants. However, the record indicates the correct spelling of their last names to be "Gullapalli” and "Venters," and they will be referred to as such in this opinion.

. Neither Lewis’s petition filed in district court nor her request for formation of a medical review panel named Dr. Venters as a defendant. However, a "Dr. Steven Ven-teers” was referred to in her narrative of the alleged malpractice that was forwarded to the PCF. In its letter dated September 29, 2011, the PCF informed Lewis that “Steve Ven-teers" was not considered qualified under the MMA.

. The exceptions of prematurity and the exceptions of res judicata are not included in the appeal record.

. The record does not include an exception of prescription filed by Dr. Gullapalli, but the transcript of the September 20, 2012, hearing on the exceptions indicates that each of the defendants had filed exceptions. The trial court’s written ruling and judgment also references exceptions by all three defendants.