BROWN, Chief Judge.
|TIn this medical malpractice action, plaintiff, Gloria Kelly, has appealed from the trial court’s judgment granting an exception of prescription filed by defendant, Dr. Rebecca Roques-Davis, dismissing plaintiffs claims against defendant. For the reasons set forth below, we affirm.

Facts and Procedural History

Plaintiff, Gloria Kelly, was the mother of Anthony Williams.[1] On October 31, 2011, Anthony presented to Christus Schumpert Hospital Emergency Department in Shreveport, Louisiana, acting abnormally, with complaints and symptoms 'of nausea, vomiting and abdominal pain. His medical history included pancreatitis, hypertension, diabetes and schizophrenia. Anthony was placed in a room and was closely watched by the nursing staff. The next day, November 1, 2011, sometime after 4:00 p.m., Anthony removed his IVs and left the hospital. A code brown was initiated. At around 4:47 p.m., Anthony was found with no pulse on the hospital grounds by a bystander. He died on November 1, 2011.

Medical Review Panel No. 1

Plaintiff filed a medical malpractice complaint against Christus Schumpert on November 1, 2012. Plaintiffs counsel stated, “If you look at the original complaint (sic) only deals with the fact that my client got up and left the hospital unmonitored, fell outside, and he died.” Plaintiffs counsel stated that the doctors were not sued because his client had no knowledge of |2an alleged misdiagnosis by the doctors. A medical review panel was formed, and their opinion was rendered on April 23, 2014.
On July 9, 2014, within the 90-day period after the decision of the MRP, plaintiff filed a petition in district court seeking wrongful death and survival damages. Named as defendants were Christus Schumpert, Dr. Rebecca Roques-Davis, and Dr. Kevin Huston. This July 9, 2014, petition is the first pleading in which Drs. Davis and Huston were named. Plaintiff asserted that Drs. Davis and Huston were jointly and/or solidarily liable with the hospital. On September 8, 2014, Dr. Davis filed exceptions of prematurity and prescription.

Medical Review Panel No. 2

Recognizing the validity of the prematurity exception, on October 29, 2014, plaintiff filed a medical malpractice claim against Dr. Davis and Dr. Huston with the Commissioner of Administration; this claim was forwarded to the Louisiana Patient’s Compensation Fund.
After that claim was filed and before its subsequent dismissal, a hearing on the exceptions filed in district court was held on November 10, 2014. Plaintiffs counsel *17 conceded that the tort suit against Dr. Davis was premature, and the trial court, granted the exception of prematurity and dismissed the lawsuit without prejudice. As to the exception of prescription, plaintiffs counsel stated he was ready with a witness. Counsel for Dr. Davis objected to the taking of any testimony at the hearing, stating that he had inadequate notice of plaintiffs “date of discover/! theory and needed additional time to conduct discovery. The trial court agreed, and continued the hearing until a, later date.-
| sIn a letter dated January 8, 2015, the Medical Review Panel No. 2 complaint was declared invalid and without effect. “Exhibit A” filed by Dr. Davis is a copy óf a letter from the Medical Malpractice Compliance Director of the Patient’s Compensation Fund advising plaintiffs counsel that the PCF complaint filed by plaintiff on October 29, 2014, was deemed invalid and without effect due to plaintiffs failure to timely pay the statutorily mandated filing fee. See La. R.S. 40:1231.8(A)(1)(c)-(e); Lewis v. Serenity Springs Hospital, 48,820 (La.App.2d Cir.02/26/14), 136 So.3d 306.
At a hearing on June 1, 2015, plaintiff did not present any testimony and the trial court granted the exception of prescription. .Plaintiffs counsel made a -general objection to the trial court’s ruling, and has appealed this adverse judgment.[2]

Discussion

Plaintiff urges that the trial court erred in granting the exception of prescription filed by Dr. Davis. According to plaintiff, her claim was timely filed because prescription was interrupted by the filing of the original malpractice complaint against Christus Schumpert on November 1, 2012. Furthermore, she could not have filed suit against Dr. Davis any sooner because she did not discover Dr. Davis’s malpractice until June 2014, when the expert plaintiffs attorney hired told them that Dr. Davis had misdiagnosed Anthony-Williams with pancreatitis instead of intestinal bowel is-chemic. Plaintiff then filed her medical malpractice complaint |-4against Dr.-Davis on October 29, 2014, which is within- one year of the alleged discovery of Dr. Davis’s malpractice and within three years of Anthony’s death.
Louisiana Revised ' Statute 9:5628(A) provides that actions for médical malpractice must first be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. Even a claim filed within one year of the date of discovery must still be filed within three years from the date of the alleged act, omission, or neglect.
Plaintiff is correct in asserting that her timely filing of a request for the review of her claim ' against 'Christus Schumpert oh November 1, 2012, suspended the running of prescription against Dr. Davis. However, this only suspended the time within which a similar claim for review could be filed agaihst Dr. Davis with the Commissioner. The time is suspended until 90 days following notification to the claimant or her attorney of the issuance of the medical review panel’s opinion on plaintiffs November 1, 2012, claim. La. R.S. 40:1231.1(G); La. R.S. 40:1231.8(A)(2)(a); Correro v. Caldwell, 49,778 (La.App.2d Cir.06/03/15), 166 So.3d 442, writ denied, 15-1536 (La.10/23/15), 179 So.3d 607. Ninety days following the medical review panel’s April 23, 2014, opinion was July 22, 2014. Plaintiffs negligence claim against Christus Schumpert *18 was timely instituted in the district court, having been filed on July 9, 2014; Her claim against. Dr.' Davis, which was set forth in the pleading filed in the district court on July 9, 2014, however, was premature since it was filed prior to a request for a medical review panel for that claim, and therefore it did not interrupt orjjfurther suspend prescription on plaintiffs malpractice claim against. Dr. ■ Davis. Lewis, supra. Further, as noted above, the PCF complaint filed by plaintiff on October 29, 2014, was deemed invalid and without effect due to plaintiffs failure to timely pay the statutorily mandated filing fee.
We 'will nonetheless address plaintiffs “date of discovery” argument. The doctrine of contra non valentón acts as an exception to the general rules of prescription by suspending the running of prescription when the circumstances of the case fall into one of four categories. Prescription is suspended under the fourth category of contra non valentón when “some cause of action is not known or reasonably knowable by the plaintiff, even thqugh his ignorance is not induced by the defendant.” Wimberly v. Gatch, 93-2361 (La.04/11/94), 635 So.2d 206, 211; Davis v. Johnson, 45,200 (La.App.2d Cir.05/05/10), 36 So.3d 439, 442. Commonly known as the discovery rule, this category provides that the one-year prescriptive period begins to run on the date that the injured party discovers or should have discovered the facts upon which a reasonable person would conclude that he or she had been the victim of a tort. Morgan v. Patwardhan, 48,626 (La.App.2d Cir.03/12/14), 137 So.3d 680, writ denied, 14-0919 (La.08/25/14), 147 So.3d 1118. When a party has. sufficient information to incite curiosity, or put a reasonably minded person on guard and call for inquiry, he or she has the constructive knowledge necessary to start the running of prescription. Abbott v. Louisiana State University Medical Center-Shreveport, 35,693 (La.App,2d 02/27/02), 811 So.2d 1107, writ denied, 02-0952 (La.05/31/02), 817 So.2d 104; Morgan, supra. When a plaintiff has knowledge of facts strongly suggestive that the untoward | ^condition or result may be the result of improper treatment, and there is no effort by the health care provider to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the cause of action is reasonably knowable to plaintiff. Morgan, supra. The law of prescription, however, does not require that the plaintiff be informed by a medical practitioner or an attorney of possible malpractice before the prescriptive period begins to run. Abbott, supra; Morgan, supra.
Plaintiffs argument is that she did not learn of Dr. Davis’s involvement in the case and potential malpractice arising out of her mis-diagnosis of Anthony’s condition until an expert hired by plaintiffs attorney told them in June 2014 of the misdiagnosis and that the cause of Anthony Williams’ death was intestinal bowel ischemic.
We find, however, that prescription on plaintiffs claim against Dr. Davis began on the date of Anthony’s death. An. examination of Anthony’s medical records from his October 31, 2011, admission to Christus Schumpert would have provided plaintiff with the names of all of the treating physicians, along with other releyant information. A copy of Anthony’s death certificate issued on December 14, 2011, produced by plaintiff in response to discovery requests propounded by Dr. Davis, lists as Anthony’s immediate cause of death “Ischemic bowel disease/’ The facts surrounding Anthony’s death, together with access to the medical records from his last admission to the hospital as well as his death certificate, provided more than sufficient *19 information for plaintiff to call for further inquiry into his cause of death at that time. See Edwards, supra; Snavely v. Ace Pain Management, LLC, 15-684 (La.App. 3d Cir.02/03/16), 184 So.3d 871; Carter v. Ochsner Clinic Foundation, 07-889 (La.App. 5th Cir.03/11/08), 978 So.2d 562, writ denied, 08-0936 (La.08/29/08), 989 So.2d 99.
Plaintiff asserts that', the trial court erred in granting Dr. Davis’s exception of prescription without first' considering the record from the November 10, 2014, initial hearing on the exceptions. According to-plaintiff, at that initial hearing, her attorney was ready to present testimony from witnesses on the issue of when they discovered Dr. Davis’s involvement in this action. However, rather than allowing her witnesses to testify, the trial court granted a continuance to defense counsel to conduct discovery since they had no prior notice of plaintiffs “date of discovery” argument relating to Dr. Davis.
This assignment of error is without merit. The transcript from the November 10, 2014, hearing shows that plaintiffs attorney agreed to a continuation of the November 10, 2014, hearing. Thereafter, he was notified of the new hearing date, and he could have had'the same witnesses appear ready to testify at the hearing on June 1,< 2015. Plaintiff has alleged that there was no evidence supporting the granting of the exception of prescription. However, since her claim against Dr. Davis was prescribed on its face, plaintiff had the burden of showing either a suspension of prescription or that she in fact had not discovered Dr. Davis’s role in Anthony Williams’ treatment and care prior to June 2014. This she did not do. Bare allegations without any supporting evidence whatsoever are ^insufficient to establish plaintiffs claim regarding the late discovery of Dr. Davis’s involvement in Anthony’s medical care.

Conclusion

For the reasons set forth above, the trial court’s judgment granting the exception of prescription filed by defendant, Dr. Rebecca Roques-Davis, and dismissing all claims against her is AFFIRMED. Costs óf this appeal are assessed against, plaintiff, Gloria Kelly.
GARRETT, J., concurs with written reasons.

. Nórtica Mizyed, Anthony’s sister, was also a party plaintiff. ■ However, an exception of no cause of action filed by Dr. Davis was granted, and Nortica’s claims were dismissed with prejudice.

. We noted that Christus Schumpert has settled with plaintiff and'Dr. Huston's attorney has communicated that Dr. Huston has been dismissed from the case.