MOORE, J.
*480 Donna Butler-Bowie appeals a judgment that sustained a declinatory exception of prematurity and a peremptory exception of prescription, and a later judgment that sustained a peremptory exception of no cause of action, fully dismissing her claims against Olive Branch Senior Care Center for a patient's wrongful death and for her own survival action. For the reasons expressed, we affirm.
PROCEDURAL HISTORY
Charlie Butler Sr., an elderly person in need of long-term care, was placed in Olive Branch, in Tallulah, Louisiana, as a live-in resident. On June 11, 2016, Mr. Butler died, at the age of 86.
On June 7, 2017, Ms. Butler filed this pro se petition for damages, individually and on behalf of Mr. Butler's estate, against Olive Branch. She alleged that he died "as the result of complications related to substandard medical treatment and care received" at Olive Branch. In ¶ 3, she alleged that the substandard treatment included but was not limited to:
i. Inadequate medical treatment;
ii. Inappropriate medicines being dispensed;
iii. Lack of proper nutrition received;
iv. Failure to properly turn and move patient;
v. Other acts and omissions that will be proven at trial.
In ¶ 4, she alleged violations of the Louisiana Nursing Home Residents Bill of Rights ("NHRBR"), La. R.S. 40:2010.8, as Mr. Butler was "in need of continuous adequate care * * * as required of physically and mentally incapacitated patients" and "consistent with the type of healthcare for which nursing homes and/or skilled nursing facilities are generally dedicated."
In ¶ 5, she alleged "negligence per se," "in the following, non-exclusive particulars":
(a) Failing to protect Charlie E. Butler Sr. from injury and in so failing, failing to provide appropriate health care;
(b) Leaving Charlie Butler Sr. unattended and unsupervised for extended periods of time; and
(c) Failing to provide adequate care and nutrition to Charlie E. Butler Sr.
In ¶ 6, she alleged that Olive Branch's "intentional acts, acts of negligence and deviations from standard of care" contributed to and caused Mr. Butler's injuries. She demanded judgment for all damages, legal interest and costs, attorney fees and a "medical review of the issues herein."
Olive Branch responded with a dilatory exception of prematurity, urging that it was a qualified health care provider and entitled to the procedure of the Louisiana Medical Malpractice Act ("MMA"), La. R.S. 40:1231.1 D, and that Ms. Butler had indeed filed a request for a Medical Review Panel ("MRP") with the Department of Administration, on June 8, 2017.[1] Olive *481 Branch argued that under MMA, the tort suit was premature until the MRP was concluded.
Shortly after this, Ms. Butler retained counsel.
Olive Branch then filed a peremptory exception of prescription on grounds that when Ms. Butler filed her request for MRP, she omitted to send the required filing fee; the agency gave her 45 days to send the fee, as mandated by La. R.S. 40:1231.8 A(1)(c), but she failed to remit the fee within that time. Olive Branch argued that in these circumstances, the MRP filing was "invalid and without effect," Lewis v. Serenity Springs Hosp. , 48,820 (La. App. 2 Cir. 2/26/14), 136 So.3d 306, and hence it could not interrupt prescription on the tort claim, Kelly v. Christus Schumpert , 50,557 (La. App. 2 Cir. 4/13/16), 195 So.3d 14.
In a reply memorandum, Olive Branch stated that Ms. Butler had filed an opposition challenging the prematurity of her NHRBR claim but not opposing the exception of prescription. However, her opposition does not appear in the instant record.
ACTION OF DISTRICT COURT
After a hearing in February 2018, the district court sustained both exceptions (prematurity, prescription) and ruled that the petition did not state a cause of action under NHRBR. Judgment to this effect was rendered on February 21, 2018, and Ms. Butler moved for devolutive appeal.
Olive Branch then filed a peremptory exception of no cause of action on grounds that most of the allegations "sound in medical malpractice," as they were related to medical treatment, as defined in R.S. 40:1231.1 A(9), and thus were subject to MMA, under Coleman v. Deno , 2001-1517 (La. 1/25/02), 813 So.2d 303. Olive Branch carefully parsed Ms. Butler's petition, particularly ¶¶ 3-6, quoted above, and argued that every specific claim raised a malpractice issue. It also argued that Louisiana does not recognize the notion of "negligence per se."
Ms. Butler countered that some of her claims fell outside of MMA, and cited two cases that had successfully skirted the statute: Sewell v. Doctors Hosp. , 600 So.2d 577 (La. 1992), and Henry v. West Monroe GuestHouse , 39,442 (La. App. 2 Cir. 3/2/05), 895 So.2d 680. In her opposition memo, Ms. Butler also suggested that amendment of the petition "can further detail the acts," would be in good faith and "not be a tactic to delay," but she filed no motion for leave of court to amend her petition.
After a hearing in May 2018, the court sustained the exception of no cause of action, dismissed all of Ms. Butler's claims, and ruled that the judgment was final and appealable. One day later, the court granted an order of appeal, covering both the February 2018 and May 2018 judgments.
Ms. Butler has appealed, raising two errors.
DISCUSSION
As a preliminary matter, this court notes that Ms. Butler's petition, filed in proper person, alleges only that she "appears on behalf of The Estate of Charlie E. Butler Sr." and that she "respectfully represent [sic ] damages on behalf of Charlie E. Butler Sr." An action can be brought only by a person having a real and actual interest which she asserts. La. C.C.P. art. 681. This petition is totally silent as to Ms. Butler's relationship to the decedent, a status that is required to claim a survival or wrongful death action, *482 La. C.C. arts. 2315.1 A(1), 2315.2 A(1). Jackson v. Farquhar , 50,902 (La. App. 2 Cir. 10/5/16), 207 So.3d 1112. In other words, the petition appears not to state a right of action, La. C.C.P. art. 927 A(6). However, in light of our decision on the other exceptions, we pretermit any further consideration of this issue.[2]
Exception of Prematurity
By her first specification of error, Ms. Butler urges the court erred in sustaining the dilatory exception of prematurity and holding that she had no cause of action under NHRBR, despite the fact that she alleged negligence outside of MMA. Ms. Butler concedes that she failed to meet the filing fee requirement for her MRP request, but argues that this did not defeat her negligence claim under La. C.C. arts. 2325 and 2315.1. She cites the definition of health care, R.S. 40:1231.1 A(9), and argues that the legislature never intended that every act , by any health care provider during a patient's confinement in a nursing home, would be covered by MMA. Richard v. Louisiana Extended Care Ctrs. Inc. , 2002-0978 (La. 1/14/03), 835 So.2d 460. She contends that several of her allegations - inadequate custodial care, failing to protect from injury, leaving the patient unattended, failing to provide adequate care and nutrition, failing to properly turn and move the patient - fall outside of MMA's definition of health care. She also contends that the definition of malpractice, La. R.S. 40:1231.1 A(13), is limited to unintentional acts , while some of Olive Branch's decisions, regarding staffing and resources, were intentional , and thus not malpractice. Finally, she reiterates that several cases have found conduct inside nursing homes to fall outside of MMA, such as Henry v. West Monroe Guest House , Richard v. Louisiana Extended Care Ctrs. and Coleman v. Deno , supra . She concludes that her claims fall outside of MMA and should be allowed to proceed.
No action against a health care provider under MMA, or against his insurer, "may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel" in accordance with MMA. La. R.S. 40:1231.8 B(1)(a)(i). Any tort suit filed before completion of the MRP process is subject to dismissal on an exception of prematurity. Blevins v. Hamilton Med. Ctr. Inc. , 2006-127 (La. 6/29/07), 959 So.2d 440 ; McLemore v. Westwood Manor Nursing & Rehab. LLC , 37,450 (La. App. 2 Cir. 8/20/03), 852 So.2d 1170. Any claimant requesting an MRP must pay the filing fee within 45 days after the confirmation of receipt of claim. R.S. 40:1231.8 A(1)(c). Failure to pay the filing fee within the 45 days renders the request for MRP "invalid and without effect." R.S. 40:1231.8 A(1)(e); Lewis v. Serenity Springs Hosp. , supra .
Ms. Butler does not deny that she failed to pay the filing fee on her request for MRP, even after the Department of Administration advised her of the 45-day deadline. Thus, her request for MRP was invalid and without effect; the situation is as though she never requested an MRP. The instant suit is, therefore, premature to the extent that it alleged any conduct covered by MMA. The district court did not err in sustaining Olive Branch's exception of prematurity.
This specification of error lacks merit.
Exception of No Cause of Action
By her second specification of error, Ms. Butler urges the district court erred in *483 sustaining the peremptory exception of no cause of action and in finding no allegations of specific negligence or intentional wrongs, or any other basis for a cause of action. She reiterates that the legislature never intended for every act , by any health care provider during the patient's confinement in a nursing home, to be covered by MMA, Richard v. La. Extended Care Ctrs. , supra ; that intentional acts are expressly excluded from MMA, La. R.S. 40:1231.1 A(13); and that a particular wrong must be "treatment related" to fall under MMA, Coleman v. Deno , supra . She shows that various conduct has been found not to be malpractice, such as failing to change a patient's adult diapers for long periods of time, Henry v. West Monroe Guest House , supra ; allowing a 90-year-old patient to walk outside, where he fell and broke his hip, Booty v. Kentwood Manor Nursing Home , 483 So.2d 634 (La. App. 1 Cir. 1985), writ denied , 486 So.2d 754 (1986) ; and providing a hospital bed on which the hinge broke, allowing the cervical patient to fall from the sitting to the reclining position and re-injure his neck, Sewell v. Doctors Hosp. , supra . She argues that she has alleged, or could allege, acts that were intentional or not treatment-related, and should be granted leave of court to amend her petition to state them more clearly.
The purpose of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. McCarthy v. Evolution Petr. Corp. , 2014-2607 (La. 10/14/15), 180 So.3d 252. The sufficiency of the petition presents a legal issue and is subject to de novo review. Id.
Malpractice is defined by La. R.S. 40:1231.1 A(13), in pertinent part, as
[A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient * * * and also includes all legal responsibility arising from acts or omissions * * * in the training or supervision of health care providers * * *.
Tort is defined "as any breach of duty or any negligent act or omission proximately causing injury or damage to another." La. R.S. 40:1231.1 A(22). Health care is defined by La. R.S. 40:1231.1 A(9) as
[A]ny act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement[.]
The courts have held that MMA and its limitations on tort liability for qualified health care providers apply only to claims arising from medical malpractice, and that all other tort liability on the part of a qualified health care provider is governed by general tort law. Coleman v. Deno , supra ; LaCoste v. Pendleton Methodist Hosp. , 2007-0008 (La. 9/5/07), 966 So.2d 519. In Coleman v. Deno , supra , the court set out six factors to assist a court in determining whether a claim sounds in medical malpractice and is subject to MMA:
(1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill;
(2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached;
(3) whether the pertinent act or omission involved assessment of the patient's condition;
*484 (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities a hospital is licensed to perform;
(5) whether the injury would have occurred if the patient had not sought treatment; and
(6) whether the tort alleged was intentional.
We have closely examined Ms. Butler's petition in light of the statutory definitions and the analytical guidelines of Coleman v. Deno , supra , and, on de novo review, find that all her allegations fall under MMA.
In ¶ 3, she alleged "inadequate medical treatment" and "inappropriate medicines being dispensed," which are perhaps the quintessential elements of malpractice, as defined in R.S. 40:1231.1 A(13). She also alleged "lack of nutrition," but failure to provide food and water to nursing home patients is considered to be a breach of duty to provide health care, Mineo v. Underwriters at Lloyds, London , 2007-0514 (La. App. 4 Cir. 10/22/08), 997 So.2d 187. Further, failure to turn a bedridden patient, with the result that bedsores occur, is also considered to be a breach of the duty to provide health care, Hubbard v. North Monroe Med. Ctr. , 42,744 (La. App. 2 Cir. 12/12/07), 973 So.2d 847, writ denied , 2008-0101 (La. 3/7/08), 977 So.2d 907 ; Mitchell v. Rehabilitation Hosp. of New Orleans Inc. , 2006-0910 (La. App. 4 Cir. 2/14/07), 953 So.2d 75, writ denied , 2007-0569 (La. 9/26/08), 992 So.2d 975. This conduct falls under MMA.
In ¶ 4, she alleged violations of NHRBR for which she sought damages. Since its amendment by 2003 La. Acts No. 506, § 1, La. R.S. 40:2010.9 has provided an exclusive remedy of injunctive relief, plus attorney fees and costs. Furlow v. Woodlawn Manor Inc. , 39,485 (La. App. 2 Cir. 4/20/05), 900 So.2d 336, writ denied , 2005-1320 (La. 12/9/05), 916 So.2d 1064 ; Davis v. St. Francisville Country Manor LLC , 2005-0072 (La. App. 1 Cir. 2/10/06), 928 So.2d 549, writ denied , 2006-0604 (La. 5/26/06), 930 So.2d 25. There is no longer a cause of action for damages under NHRBR.
In ¶ 5, she alleged "negligence per se," a concept that has been rejected by the Louisiana courts. Galloway v. State , 94-2747 (La. 5/22/95), 654 So.2d 1345 ; Ducote v. Boleware , 2015-0764 (La. App. 4 Cir. 2/17/16), 216 So.3d 934, writ denied , 2016-0636 (La. 5/20/16), 191 So.3d 1071. Specifically, she reiterated Olive Branch's failure to provide appropriate health care, "adequate care and nutrition," which, again, are the hallmarks of malpractice, R.S. 40:1231.1 A(13). She also alleged that Olive Branch left Mr. Butler "unattended and unsupervised for extended periods of time," but failure to attend to or supervise a patient is also recognized as malpractice or failure to provide health care, Cardwell v. Oaks Care Center LLC , 2017-420 (La. App. 3 Cir. 12/13/17), 258 So.3d 720 ; Ferrara v. Starmed Staffing LP , 2010-0589 (La. App. 4 Cir. 10/6/10), 50 So.3d 861, writ denied , 2010-2484 (La. 2/4/11), 57 So.3d 311 ; Guillory v. Royal Inc. , 2007-754 (La. App. 3 Cir. 12/5/07), 971 So.2d 1234. This conduct falls under MMA.
In ¶ 6, she alleged "intentional acts, acts of negligence and deviations from standard of care," the latter two being reiterations of factual claims that we have determined to fall under MMA. Intentional conduct is excluded from the definition of malpractice, Porter v. Southern Oaks Nursing & Rehab. Ctr. , 49,807 (La. App. 2 Cir. 5/20/15), 165 So.3d 1197, and intent need be alleged only generally, La. C.C.P. art. 856. The courts have held, however, that something more than a conclusory allegation of intentional conduct is required *485 to state a cause of action. Baker v. LSU Health Sciences Ctr. , 39,200 (La. App. 2 Cir. 12/15/04), 889 So.2d 1178, 194 Ed. L. Rep. 1032. Where special statutes limit the tort cause of action to claims based on intentional conduct, the plaintiff is required to allege at least some facts; the mere invocation of the word "intentional" will not create a cause of action. Daigre v. International Truck & Engine Corp. , 2010-1379 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, writ denied , 2011-1099 (La. 9/16/11), 69 So.3d 1144 ; Landry v. Uniroyal Chem. Co. , 94-1274 (La. App. 1 Cir. 3/3/95), 653 So.2d 1199, writ denied , 95-1381 (La. 9/15/95), 660 So.2d 461 ; cf. Cador v. Deep South Equip. Co. , 2014-1371 (La. App. 1 Cir. 3/6/15), 166 So.3d 344. On de novo review, this petition chronicles a history of negligence and substandard conduct, which fall under MMA. It does not state a cause of action in tort. The district court committed no legal error in sustaining the exception of no cause of action.
Finally, Ms. Butler suggests that she should be granted leave of court to amend her petition to cure these defects. Amendment in this situation is governed by La. C.C.P. art. 934 :
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
As noted earlier, the district court, in its first judgment, sustained exceptions of prematurity and prescription , dismissing Ms. Butler's MMA claims with prejudice. Ms. Butler did not appeal the ruling as to prescription, so that judgment is final. Grimes v. Louisiana Medical Mut. Ins. Co. , 2010-0039 (La. 5/28/10), 36 So.3d 215 ; Hudspeth v. Smith , 42,647 (La. App. 2 Cir. 11/7/07), 969 So.2d 793. Because the MMA claims are prescribed, there is no benefit in amending the petition in an attempt to refine the framing of the cause of action. Leave to amend is denied.
This specification of error lacks merit.
CONCLUSION
For the reasons expressed, the judgments are affirmed. All costs are to be paid by the plaintiff, Donna Butler-Bowie.
AFFIRMED .

Her filing with the Department of Administration was identical to her tort petition. This probably explains the unusual request, in the tort petition, for an MRP.

We also note that Ms. Butler's appellate brief, prepared by counsel, asserts that she is Mr. Butler's daughter.